## MARY E. KIRBY *vs.* JAMES F. KEATING.

Norfolk. April 2, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence, Gross, Motor vehicle, Contributory, In use of way.*

At the trial of an action of tort for personal injuries sustained by a woman while riding at night as a guest in an automobile operated by the defendant, there was evidence that, while the automobile was going twenty-five to thirty miles an hour, the plaintiff asked the defendant what time it was, not knowing that he wore a wrist watch; that the defendant thereupon put his left wrist, upon which he wore the watch, under the steering wheel and under and close to a small light on the dashboard, bent his head down close to the watch and "seemed to take a long time to look at it"; that while he was looking at the watch and not at the road, the automobile, which had been on the right side thereof, got over to the left side; that he "looked up quick and he gave the wheel a jerk" as though he found himself off the road and tried to get back on again; and that the next thing the plaintiff knew the automobile struck a tree; that there was no other traffic; that the weather was clear and the road dry; that the plaintiff did not notice that the automobile swerved over to the left side of the road; and that its speed had not lessened previous to striking the tree. *Held*, that

(1) A finding was warranted that the defendant was guilty of gross negligence;

(2) The plaintiff's request for the time in the circumstances was not evidence of negligence on her part;

(3) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT.    Writ dated November 11, 1927.

Material evidence at the trial in the Superior Court before *Weed*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $3,000. The defendant alleged an exception.

*D. H. Fulton*, for the defendant, submitted a brief.

*J. S. McCann*, for the plaintiff.

CROSBY, J.    This is an action to recover for personal injuries alleged to have been received by the plaintiff by reason of the gross negligence of the defendant while she was riding as his guest.

The plaintiff testified that at about 10:15 or 10:30 o'clock in the evening of June 11, 1927, accompanied by a friend, she was waiting for a street car in South Norwood; that the defendant, who lived on the next street to her, came along in his automobile and offered to take them home; that she and her friend sat in the back seat until her friend alighted at her home on Park Street, and the defendant then asked the plaintiff to sit in the front seat with him, which she did; that instead of taking her to her home by the shortest way, he went "the longest way 'round"; that when they were on Neponset Street he suggested that they go by a circuitous route to her home, and she told him it was late and she wanted to go home; that they had then reached a point opposite Pleasant Street. She further testified that she asked him what time it was; that he had on a wrist watch and started to look at it; that she had not seen the watch before; that when he started to look at the watch they were about opposite a point marked "180" on a map which was offered in evidence. She stated that "The defendant, in looking at his wrist watch, bent his head down, did not take his eyes

off the watch and did not watch the road; kept looking at his watch all the time; his wrist watch was on his left hand; seemed to take a long time to look at it ' . . . and the first thing I knew . . . we had hit the tree.' He put his arm under the little light on the dashboard . . . . It was a little bulb with a shade over it and he held the watch close to the light. They were on the right hand side of the road when he began to look at the watch. There was nothing else on the road. It took him quite a while to look at the watch and he had not stopped looking before he struck the tree. The plaintiff didn't notice that the car swerved over to the left and didn't notice it going over, but it got over to the left of the road. The only thing she could say is that he was bent over with his head, trying to see the time, and the left hand was under the wheel and over at the dashboard and he had his head quite close to the watch, almost touching the dashboard. The plaintiff knew that he had 'looked up quick and he gave the wheel a jerk — like as though he had found himself off of the road — and tried to get back on the road and the next thing I knew we had struck the tree.'" The plaintiff further testified that as the car came up Neponset Street towards Pleasant Street it was travelling twenty-five or thirty miles an hour and had not slowed down up to the time it struck the tree. There was evidence that it was a clear night and that the road was dry.

The defendant testified that the lights of a car going south on Neponset Avenue blinded him; that he could not see anything; that he put his brakes on; that he did not know where he was going; that he was travelling at a speed of about twenty miles an hour; that after he applied his brakes his car went one hundred eighty feet and was still going at a speed of twenty miles an hour.

The jury were not bound to believe the explanation offered by the defendant as to the circumstances attending the accident. If, as they could have found from the testimony of the plaintiff, the defendant, instead of watching the road and attending to the driving of his car, placed his hand under the dashboard for the purpose of looking at his watch and kept it there until his automobile had crossed

the road from the right to the left side and collided with the tree, it could have been found that the defendant's testimony that he was blinded by the lights of another car was not entitled to credence, and the jury were warranted in finding gross negligence. *Altman* v. *Aronson,* 231 Mass. 588. *Oppenheim* v. *Barkin,* 262 Mass. 281. *Rog* v. *Eltis,* 269 Mass. 466. *Blood* v. *Adams,* 269 Mass. 480.

Upon the testimony of the plaintiff it could not have been ruled as matter of law that her negligence contributed to the accident. The fact that she asked the defendant for the time was not negligence on her part. When she made the inquiry it could have been found that she did not know that he wore a wrist watch, and it cannot be said as matter of law that by making the inquiry she had any reason to expect the defendant would abandon all care in the operation of his automobile. The burden of proving contributory negligence was on the defendant. G. L. c. 231, § 85. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 403. *O'Connell* v. *McKeown,* 270 Mass. 432. *Gallup* v. *Lazott, post,* 406.

Apart from the due care statute, we are of opinion that it could not properly have been ruled that the plaintiff had not sustained the burden of proving due care on her part. The decision in *Oppenheim* v. *Barkin, supra,* upon this question is distinguishable in its facts from the case at bar.

The issues of gross negligence on the part of the defendant and of contributory negligence of the plaintiff were rightly submitted to the jury. No error of law appears in the conduct of the trial.

*Exceptions overruled.*