HARRIET DOW *vs.* BENJAMIN LIPSITZ.

Norfolk. February 10, 1933. — May 24, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Infant. Negligence,* Gross, Motor vehicle, Invited person.

At the trial of an action of tort against the driver of an automobile for personal injuries sustained while the plaintiff was riding therein, there was evidence that the defendant knew that the foot brake of the automobile was defective; that, while driving the automobile on a pleasant night at a speed of thirty to thirty-five miles per hour over a dry road twenty feet wide with a macadam surface and gravel shoulders and with no other traffic on it, the defendant leaned forward in an attempt to adjust the lights; that while doing so he could not see the road; and that the automobile thereupon veered from the right side of the road to the left, travelled on that side a considerable distance, went off the road, struck a tree, glanced off, and with undiminished speed struck head on with great violence another tree sixteen feet farther along. *Held,* that a finding that the defendant was guilty of gross negligence was warranted.

The general rule is that infants are liable for their torts.

Although the defendant in the action above described was a minor and was transporting the plaintiff under a contract of hire which he disaffirmed, it was *held,* that such contract had no relation to or connection with the defendant's gross negligence, and that the defendant's disaffirmance thereof did not give him a defence to the action.

TORT. Writ in the District Court of Southern Norfolk dated May 12, 1931.

In the District Court, the action was heard by *Marden,* J. Material facts found by him are stated in the opinion. He found for the plaintiff in the sum of $5,000, and reported the action to the Appellate Division for the Southern District, who ordered the report dismissed. The defendant appealed.

*A. S. Allen,* (*E. F. Cameron* with him,) for the defendant.
*J. M. Morrison,* (*R. N. Daley, Jr.,* with him,) for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff while a passenger in

an automobile, owned and operated by the defendant, on April 4, 1931. The declaration is in two counts, the first alleges negligence of the defendant, and that the plaintiff was a passenger for hire; the second count alleges gross negligence of the defendant when the plaintiff was riding in his automobile as a passenger. The original answer contained a general denial, an allegation of contributory negligence, and an allegation that the plaintiff assumed the risk. Thereafter the court allowed an amendment to the answer which recited that at the time of the alleged contract to drive the plaintiff was made the defendant was a minor and that he disaffirms the contract, if any existed between himself and the plaintiff, whereby he agreed to carry her as a passenger for hire.

There was evidence which, if believed, established the following facts: Shortly before eight o'clock on the evening of April 4, 1931, the defendant with his friend, a son of the plaintiff, went to the home of the plaintiff's daughter. The defendant owed the plaintiff a small sum on account of a bill the plaintiff had paid for the expense of cleaning his clothes. The defendant agreed to take the plaintiff to her home and to do some errands in consideration of which the debt was to be cancelled. He had previously volunteered to take the plaintiff home, but as she protested that it was not fair, the agreement was made for cancellation of the debt. When they started for the plaintiff's home it was dark. The defendant knew that the foot brake of his automobile was not in good condition. It was a pleasant night and there was no other traffic on the road, which was dry and had a macadam surface, twenty feet wide, with gravel shoulders. Before the accident occurred, and while travelling at a speed of about thirty or thirty-five miles an hour, the defendant leaned forward and attempted to adjust the lights, as he testified "fooling around with the dashboard," in an attempt to get more lights. While doing this he could not see the road ahead of him and the automobile veered from the right side of the road to the left, travelled on that side, went off the road, struck a tree, glanced off, and struck another tree sixteen feet farther along. The

first tree was one hundred twenty-five feet from the place where the automobile went from the right side of the road over to the left. In travelling most of this distance, the defendant did not have his eyes on the road. At the time of the accident the defendant was going from thirty to thirty-five miles an hour; it thus appears that there was no moderation of his previous speed until after the accident occurred. Just before the accident the defendant heard the plaintiff yell, "Look out." He saw the first tree in front of him and pulled to the right and sideswiped it and then pulled to the left, as he was afraid of turning over, and ran head on into the second tree. As a result of the accident the plaintiff was severely injured. The automobile was so badly damaged that it had to be towed away from the place of the accident, the motor was pushed back, the fan was broken off, the windshield was broken on the side where the plaintiff was sitting, the dashboard was bent and the right spring broken. Pieces were gouged out of both trees as the result of striking them.

The foregoing evidence, if believed, was sufficient to warrant a finding of gross negligence of the defendant. *Rog* v. *Eltis*, 269 Mass. 466. *Kirby* v. *Keating*, 271 Mass. 390. *Meeney* v. *Doyle*, 276 Mass. 218. *Connors* v. *Boland*, 282 Mass. 518, and cases cited.

The judge found for the plaintiff on each count in the sum of $5,000. The defendant claimed a report respecting the denial of his motion for a finding in his favor. The Appellate Division ordered a report of the case dismissed. From this order the defendant appealed.

The general rule is that infants are liable for their torts. *Sikes* v. *Johnson*, 16 Mass. 389. *Homer* v. *Thwing*, 3 Pick. 492. The plaintiff in the present case did not have to prove a contract with the defendant in order to prove the cause of action upon which she relies. She was in the defendant's automobile with his consent, and apart from any alleged contract and whether it be ultimately affirmed or disaffirmed by the minor she was entitled at least to be protected by him against injury due to his gross negligence. The contract upon which the defendant relies had no rela-

tion to or connection with such negligence. The action is not brought to recover for breach of contract, but arises from a distinct and positive wrong of itself, wholly independent of any contract. Manifest justice requires that the defendant, although a minor, should not be allowed to rely upon a contract to shield himself from liability for inflicting, by independent means and conduct wholly disassociated from the contract, personal injury upon an innocent person who has trusted him with her safety. The defendant cannot rely upon an alleged relationship established by a contract, which he need not affirm until he arrives at his majority, Williston, Contracts, § 239, as a defence to his tort arising out of gross negligence. The plaintiff had a right to assume and expect that she would not suffer physical injuries resulting from gross negligence of the defendant in the operation of the automobile. The standing of the defendant in his relation to the plaintiff is no greater than if he were a gratuitous bailee, *West* v. *Poor*, 196 Mass. 183, or the custodian of an invited guest. *Massaletti* v. *Fitzroy*, 228 Mass. 487. The reasoning in the last case shows that a status was established between the parties in the case at bar whereby the plaintiff is entitled to recover damages from the defendant for her injuries caused by his gross negligence toward her. Whether the plaintiff was technically an invited guest of the defendant is not relevant because the relations between them were such that the doctrine of *Massaletti* v. *Fitzroy* becomes applicable by analogy. The decision in *Slayton* v. *Barry*, 175 Mass. 513, and the other cases cited by the defendant, are not contrary to what is here decided.

As we are of opinion that the evidence warranted a finding of gross negligence of the defendant under the second count of the declaration, it is unnecessary to consider questions arising under the first count.

*Order dismissing report affirmed.*