NANCY COPELAND *vs.* WILLIAM A. RUSSELL.

MORTON COPELAND *vs.* SAME.

Norfolk. April 5, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the operator of an automobile toward a small child riding therein as his guest was warranted on evidence that, while the automobile was in motion, the operator took both hands off the steering wheel and turned around to assist the child in getting from the rear seat into the front seat, whereupon the automobile struck a tree at the side of the road with great force and the child was injured.

Two ACTIONS OF TORT. Writs dated February 10, 1930.

The actions were tried together in the Superior Court before *Morton*, J., who ordered a verdict for the defendant in each action. Each plaintiff alleged an exception. Material evidence is stated in the opinion.

*R. B. Owen,* (*D. S. Smith* with him,) for the plaintiffs.

*E. R. Langenbach,* for the defendant.

RUGG, C.J. The question of law presented in these cases is whether there was evidence to support a finding that the defendant was grossly negligent in the operation of his automobile and thereby caused personal injury to Nancy Copeland, hereafter called the plaintiff. Her action is for personal injuries. The action of Morton Copeland, who is the father of the plaintiff, is to recover damages for loss of services and expenses for nursing and medical attendance upon the plaintiff.

There was evidence tending to show that the plaintiff at the time of her injuries on March 22, 1929, was a little over three years old; that the defendant took the plaintiff to ride with him in his automobile with the consent of her mother; that thereafter he said that while driving his automobile he "had taken both hands off the wheel and reached around to help the plaintiff get from the back into the front seat; that he did not know what had happened after that but the next thing he remembered was that he was lying in the road with the plaintiff in his arms," that he "could not understand how he could have done such a thing as turn around . . . that . . . he reached around to the back to help Nancy get from the back seat into the front seat"; and that "the accident happened when he was helping the child from the rear to the front seat," and that in narrating the accident the defendant kept saying "Why did I do it? Why didn't I stop." There was other testimony to the effect that the defendant's automobile had run into a tree on the side of the road and that the front end of the automobile "was stove in and the radiator had a definite 'V' knocked into it right in the middle"; that the bolts had been torn loose from the chassis so that the motor was thrown forward; that the bumper was broken,

and the mudguard and headlights were badly damaged; and that at the place the street was at least twenty-five feet wide with room for two and possibly for three automobiles.

If these were found to be the facts, a finding of gross negligence within the meaning of that term as stated in *Altman* v. *Aronson,* 231 Mass. 588, on the part of the defendant as the cause of the plaintiff's injury would have been warranted. *Kirby* v. *Keating,* 271 Mass. 390. *Meeney* v. *Doyle,* 276 Mass. 218. *Dow* v. *Lipsitz,* 283 Mass. 132. *Crowley* v. *Fisher,* 284 Mass. 205. *Horneman* v. *Brown,* 286 Mass. 65. *Stowe* v. *Mason,* 289 Mass. 577, 581.

*Exceptions sustained.*