HERAND ADAMIAN *vs.* KOSROF MESSERLIAN.

AUSHKEN MARTIN *vs.* SAME.

VICTORIA MARTIN *vs.* SAME.

Worcester.    September 24, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

The evidence did not warrant a finding of gross negligence on the part
  of the operator of an automobile which, while proceeding at an exces-
  sive speed downhill on an icy street, without chains on the wheels,
  skidded several hundred feet and finally crashed into a tree.

THREE ACTIONS OF TORT.    Writs dated July 22, 1930.

The actions were tried in the Superior Court before *Col-
lins*, J.    Verdicts for the plaintiffs in the sums, respec-
tively, of ·$6,350, $150, and $850, were recorded subject to
leave reserved.    Thereafter the judge ordered entered ver-
dicts for the defendant and reported the actions for deter-
mination by this court.

*J. Clark, Jr.*, for the plaintiffs.

*C. C. Milton*, for the defendant.

RUGG, C.J.    The plaintiffs in these three actions of tort
were guests in an automobile driven by the defendant.
After verdicts for the plaintiffs the trial judge, under leave
reserved, ordered entered a verdict for the defendant in
each case.    The sole question presented is whether the evi-
dence in its aspect most favorable to the plaintiffs war-
ranted a finding of gross negligence on the part of the
defendant as the cause of their injuries.

There was evidence tending to show these facts: The
accident happened about half past eleven o'clock on the
night of December 31, 1929.    The streets were particu-
larly slippery and icy because of rain or mist freezing on
the ground.    The defendant, having driven up the hill on
Highland Street, in Worcester, and having reached the top,

began descending on the westerly side of the hill. The street was twenty-six feet eight inches wide, and the distance from the top of the hill to the place of the accident was nine hundred eighty feet; there were three intersecting streets on each side in that distance. The automobile had no chains on the wheels. The street at this point was thickly settled. There was one other automobile going in the same direction which the defendant passed or tried to pass. Another automobile was coming on an intersecting street, but there is no evidence that it came upon Highland Street. There was evidence that the speed of the defendant's automobile was at the rate of forty-five to fifty miles an hour. Two of the plaintiffs protested to the defendant as to his speed. The defendant turned to look at one protestant sitting on the back seat. The automobile began to skid and the defendant lost control of it at the top of the hill, and it continued to skid over the road and out of control. Notwithstanding that the defendant thought he did everything to regain control, it finally crashed into a tree on the right hand side of the street. The guests were injured. There was also evidence that the automobile did not begin to skid until it had gone a considerable distance down the hill, and that the defendant attempted to check his speed by the use of his brake. There was no collision with any vehicle.

There was no error in ordering the entry of verdicts in favor of the defendant. The skidding of the automobile in the circumstances disclosed was of itself no evidence of negligence. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35. There was evidence from which it might have been found that the defendant was driving at a greater speed than was reasonable and proper. G. L. c. 90, § 17. This with all the other factors, while evidence tending to show negligence, does not warrant a finding of gross negligence. It may well have been that the skidding, which does not appear to have been induced by conduct of the defendant, had no relation to these circumstances. Without reviewing the facts of particular decisions we are of opinion that the cases at bar fall within the class of cases illustrated

by *Burke* v. *Cook*, 246 Mass. 518, *Cook* v. *Cole*, 273 Mass.
557, *McKenna* v. *Smith*, 275 Mass. 149, *Stetson* v. *Howard*,
284 Mass. 208, *Desroches* v. *Holland*, 285 Mass. 495, *Curley*
v. *Mahan*, 288 Mass. 369, and are distinguishable from cases
like *Manning* v. *Simpson*, 261 Mass. 494, *Meeney* v. *Doyle*,
276 Mass. 218, *Bruce* v. *Johnson*, 277 Mass. 273, *Connors* v.
*Boland*, 282 Mass. 518, and *Crowley* v. *Fisher*, 284 Mass.
205.    There is nothing to indicate that the momentary
turning by the defendant to look at one of the plaintiffs on
the back seat had any relation to the cause of the accident.
In this particular the cases are distinguishable from *Kirby*
v. *Keating*, 271 Mass. 390, *Green* v. *Hoffarth*, 277 Mass. 508,
and *Dow* v. *Lipsitz*, 283 Mass. 132.

In each case the entry may be

*Judgment for the defendant.*