BARBARA FOLAN *vs.* CHARLES H. PRICE.

DELIA DONOHUE *vs.* SAME.

Norfolk. November 8, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Gross negligence on the part of the operator of an automobile could not be found on evidence merely that while driving at night on a road covered with patches of ice, he heard "a grating noise apparently at his right rear wheel" and therefore "turned around to look over his

right shoulder" for about ten seconds "to see what the noise was from," whereupon "without any warning" the automobile skidded and struck a tree.

Two ACTIONS OF TORT. Writs in the District Court of Northern Norfolk dated March 7, 1934.

In the District Court, the actions were heard by *Lynch,* J., who found for the plaintiffs in the sums, respectively, of $785 and $1,500. The defendant appealed from orders by the Appellate Division for the Southern District dismissing reports.

*G. B. Rowell,* (*T. G. Heyliger* with him,) for the defendant.

*D. P. O'Leary,* for the plaintiffs.

QUA, J. At the time of the accident out of which these actions arose both plaintiffs were riding from Dedham to Norwood in the defendant's automobile as his guests. Hence the general findings in their favor can stand only if the evidence would support a finding that the accident was caused by gross negligence on his part.

Both plaintiffs were on the front seat with the defendant, who was driving. It was eleven o'clock or after on a very cold, dark night. There was evidence that there were ice patches all along the road and that there was snow piled upon the side. Each of the plaintiffs testified in substance that as the automobile was proceeding on the right hand side of the road at moderate speed, without any warning it skidded and struck a tree at the right of the road; that she observed the manner in which it was being operated and the road and that the defendant was paying attention to his driving and did nothing to cause the automobile to skid or to leave the road.

The plaintiffs then called the defendant as a witness. He testified that the automobile was going at a speed of thirty to thirty-five miles an hour at the extreme right hand side of the road; that just before the accident he heard "a grating noise apparently at his right rear wheel so he turned around to look over his right shoulder to see what the noise was from, and he continued looking in that manner for about ten seconds," when the automobile skidded and struck the tree. There was evidence that the defendant

had made statements which could be found to be contradictory to his testimony as to speed and as to his having looked back; that he was friendly to the plaintiffs at the time of the trial and that he knew that if the plaintiffs recovered, the insurance company and not he would have to pay. But the judge was not obliged to give weight to this. A police officer testified that there was a patch of ice a short distance from the tree in the direction from which the automobile had come.

The foregoing was substantially all the evidence bearing on liability. As far as appears the road was wide, straight and level and there was no other traffic upon it. There was no testimony that the speed continued to be thirty to thirty-five miles an hour up to the moment of the accident, nor that the defendant could not, even while turning, form a judgment as to his position on the road. The plaintiffs are bound by their own uncontradicted testimony that the automobile did not drift or turn off the road until "without any warning" it skidded. The skidding was not in itself evidence of any negligence. *Adamian* v. *Messerlian*, 292 Mass. 275. It is almost instinctive for a driver who hears a grating noise at his rear wheel to look back. Such an act cannot in itself be deemed grossly negligent. Although under some circumstances it might be found to indicate lack of due care, it nevertheless denotes some degree of alertness and regard for the safety of the vehicle rather than highly culpable heedlessness. It is not like the withdrawal of the driver's attention for purposes wholly dissociated from the business of driving. All that is left in these cases as a basis for a finding of gross negligence is the contention that the defendant looked back so long that he did not see whatever caused him to skid in time to avoid it. This may be debatable ground. But even if it could be found that his failure to look ahead sooner was the cause of his skidding, we are not quite prepared to hold that under the circumstances here disclosed, even if the judge believed all the defendant's testimony literally, this difference of a few seconds in time is enough to close the gap and to round out the proof of that "indifference to present legal duty and

. . . utter forgetfulness of legal obligations" which constitute gross negligence. *Altman* v. *Aronson*, 231 Mass. 588, 591. In our opinion, for the reasons stated, the case is distinguishable from *Kirby* v. *Keating*, 271 Mass. 390, *Meeney* v. *Doyle*, 276 Mass. 218, *Green* v. *Hoffarth*, 277 Mass. 508, and *Crowley* v. *Fisher*, 284 Mass. 205, and although differing from *Curley* v. *Mahan*, 288 Mass. 369, and *Adamian* v. *Messerlian*, 292 Mass. 275, is nevertheless to be classed with them.

In each case the judge should have granted the defendant's second request for ruling, and in each case the entry must be

> *Order of Appellate Division reversed.*
> *Judgment for the defendant.*