ANN O'TOOLE *vs.* MARK MAGOON.

MARY O'TOOLE *vs.* SAME.

ANN SETTEVEDEMIO *vs.* SAME.

Worcester.   September 21, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Evidence warranted a finding of gross negligence of the operator of a motor vehicle which left a slippery road and ran into a tree on a rainy night after he took one hand from the steering wheel, placed it on the back of the adjoining seat, turned his head and spoke to someone in the rear seat.

THREE ACTIONS OF TORT. Writs in the Second District Court of Eastern Worcester dated November 6, 1934.

The actions were heard together by *Buttrick*, J., who found for the plaintiffs in the sums, respectively, of $154,

$803, and $183, and reported the cases to the Appellate Division for the Western District. The report was ordered dismissed. The defendant appealed.

*S. B. Milton,* (*C. B. Milton & R. C. Milton* with him,) for the defendant.

*A. J. Kittredge,* for the plaintiffs.

RUGG, C.J. These are actions of tort in which the respective plaintiffs seek to recover compensation for personal injuries arising out of a motor vehicle accident. The several plaintiffs were guests of the defendant in a motor vehicle operated by him, and alleged that their injuries were caused by his gross negligence. The answer of the defendant in each case was a general denial and an allegation that the plaintiff was guilty of contributory negligence. The cases come before us on a single consolidated report by the trial judge, which contains all of the evidence material to the issues now raised. *Lumiansky* v. *Tessier,* 213 Mass. 182, 188. *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99. *Commonwealth* v. *McKnight,* 289 Mass. 530. At the close of the evidence the trial judge ruled in each case that the plaintiff, being a gratuitous passenger in the defendant's motor vehicle, could recover only on proof of the gross negligence of the defendant, and that as matter of law there was no evidence that the defendant was guilty of wanton and wilful misconduct; and refused to rule that there was no evidence as matter of law that the defendant was grossly negligent, or that the plaintiff was contributorily negligent as matter of law. The trial judge also made findings of fact of the tenor following: ". . . on September 8, 1934, the plaintiff, with other persons, was a guest of the defendant, riding in an automobile operated by the defendant. The party left Clinton at about 8 P.M., going to Lowell to a dance. They left Lowell for Clinton about 10:30 P.M., the defendant still the operator of the car. At different times Ann Settevedemio, one of the passengers of the automobile, said to the defendant, 'Take your time, Mickey.' The night was very dark and rainy — so much so that except for the space in front of the driver kept clear by the windshield wiper, there was very little visibility.

The speed of the automobile was between twenty and twenty-five miles an hour. The automobile was being operated on a macadam surfaced highway, wet and slippery, and owing to the water on the highway the distance thrown by the headlights was very much curtailed. Electric street car rails were in the center of the highway, coming in from the side of the road about one hundred and fifty feet from where the accident happened, which was near the center of Chelmsford. The defendant testified he had been over the highway before and was familiar with the general layout. A short time before the accident occurred . . . Ann Settevedemio, who was sitting in the rear seat, said to the defendant, 'young and unsophisticated!' The defendant thereupon took his right hand from the wheel, placed it on the back of the adjoining seat, turned his head toward . . . Ann Settevedemio and repeated the words, 'Young and unsophisticated!' The automobile then zigzagged . . . Ann Settevedemio said, 'Watch the road, Mickey.' Thereupon the defendant turned toward his original position with both hands on the wheel and apparently attempted to regain control of the automobile which at that time was in the car tracks in the center of the road, the tracks being somewhat higher than the surface of the highway. The automobile continued without any diminution of speed, narrowly missing a tree on the right hand side of the road, and about ten feet beyond crashed head on into a pole which was also on the right hand side of the road about a foot or so from the travelled part of the way with such force that it was necessary to use a wrecking truck to pull the automobile from the post. I find that the defendant was grossly negligent in that he heedlessly and palpably violated a legal duty he owed the plaintiffs." Findings were made and damages assessed in favor of each plaintiff. The defendant in each case, claiming to be aggrieved by the rulings and refusals to rule as he requested, asked for a report to the Appellate Division.

All the evidence material to the issues involved in these appeals is reported. In these circumstances, the general

and special findings of the trial judge are to stand if they can be supported upon any reasonable interpretation of the evidence. It is not the function of this court in actions at law to pass upon the weight of the testimony even though reported in full. The question to be decided is whether, upon the evidence with all rational inferences of which it is susceptible, the findings can be sustained. The general finding is conclusive, if supported by any evidence, and imports the finding of all permissible subsidiary facts essential to the decisions reached. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Winchester* v. *Missin,* 278 Mass. 427. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 316–317. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355, 359–360. *Wrobel* v. *General Accident Fire & Life Assurance Corp. Ltd.* 288 Mass. 206, 208.

The distinction between gross negligence and simple carelessness has been stated in numerous recent decisions. *Altman* v. *Aronson,* 231 Mass. 588. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Kirby* v. *Keating,* 271 Mass. 390. *Meeney* v. *Doyle,* 276 Mass. 218. *Green* v. *Hoffarth,* 277 Mass. 508. *Dow* v. *Lipsitz,* 283 Mass. 132. *Crowley* v. *Fisher,* 284 Mass. 205. It need not be repeated. It would serve no useful purpose to review the evidence or to analyze the findings of fact made by the trial judge. While the cases are somewhat close to the line, we think it cannot be said as matter of law that the injuries to the plaintiffs were not caused by the gross negligence of the defendant. The cases at bar are distinguishable from *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170; *Adamian* v. *Messerlian,* 292 Mass. 275; *Desroches* v. *Holland,* 285 Mass. 495; *McKenna* v. *Smith,* 275 Mass. 149, and similar cases.

Whether the plaintiffs were guilty of contributory negligence was a question of fact. It could not rightly have been ruled as matter of law. *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309.

In each case

*Order dismissing report affirmed.*