DORIS MENDELSOHN KOUFMAN vs. GEORGE K. FEINBERG.

FANNIE B. MENDELSOHN, administratrix, vs. SAME.

Suffolk.    April 9, 1937. — September 17, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence, Gross, Motor vehicle, In use of way.*

Evidence that the driver of an automobile going thirty-five miles an hour turned around while he put in back of him a suit case which he had picked up from the floor in front warranted a finding of deliberate inattention to his driving and of gross negligence on his part.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated May 9, 1933.

The actions were tried before *Donahue*, J.

*H. J. Stein*, for the plaintiffs.

*W. G. Reed*, for the defendant.

LUMMUS, J.    The first action is brought by a minor, hereinafter called the plaintiff, who was injured while riding as a guest in an automobile operated by the defendant. The second action is prosecuted by the administratrix of the plaintiff's father to recover consequential damages. The judge directed a verdict for the defendant in each case. The only question is whether there was evidence of gross negligence on the part of the defendant.

The evidence for the plaintiff was as follows: The plaintiff and the defendant were classmates at high school. The defendant undertook as a favor to drive the plaintiff to Brookline. They sat side by side. The plaintiff's suitcase, "two feet long, eight inches high, and a foot deep," was on the floor under her feet. During the journey, although the plaintiff assured him that the suitcase did not trouble her, the defendant reached down, notwithstanding her protest, took the suitcase from under her feet, turned around, and put the suitcase back of him. During this proceeding, the automobile, going at the rate of thirty-five or forty miles

an hour, ran off the road to the right into a tree, and the plaintiff was hurt.

One of the "more common *indicia* of gross negligence" is "deliberate inattention" to the operation of an automobile. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. Such inattention is evidence of "want of even scant care" within the definition of gross negligence in *Altman* v. *Aronson*, 231 Mass. 588, 591. In the following cases deliberate inattention to the operation of an automobile has constituted important evidence of gross negligence. *Rog* v. *Eltis*, 269 Mass. 466. *Blood* v. *Adams*, 269 Mass. 480. *Kirby* v. *Keating*, 271 Mass. 390. *Meeney* v. *Doyle*, 276 Mass. 218. *Green* v. *Hoffarth*, 277 Mass. 508, 516. *Dow* v. *Lipsitz*, 283 Mass. 132. *Crowley* v. *Fisher*, 284 Mass. 205. *Copeland* v. *Russell*, 290 Mass. 542. *Cycz* v. *Dugal*, 295 Mass. 417. *O'Toole* v. *Magoon*, 295 Mass. 527. *Smith* v. *Axtman*, 296 Mass. 512. *Moore* v. *Patrone*, *ante*, 198. We think that there was evidence of deliberate inattention within these authorities, and that the case does not fall within decisions holding that a momentary turning of the eyes from the road is not of itself evidence of gross negligence. *Curley* v. *Mahan*, 288 Mass. 369, 374. *Adamian* v. *Messerlian*, 292 Mass. 275, 277. *Folan* v. *Price*, 293 Mass. 76. *Woods* v. *Woods*, 295 Mass. 238, 243–244. *Cahalane* v. *Dennery*, *ante*, 34.

*Exceptions sustained.*