CARL J. HANLON *vs.* ERNEST Q. WESTBERG. February 1, 1939. Exceptions overruled. The motion for a directed verdict was denied rightly. There was evidence that the defendant, at night, when under the influence of liquor, operated, at a speed of thirty-five to forty miles an hour, an automobile in which the plaintiff was riding as a guest, at a ninety degree curve of the highway to the right, without abating speed or changing direction, drove his automobile across the center of the highway so that it struck and broke the left rear wheels of a well-lighted tractor trailer unit, proceeding on its own side of the highway at the right of the center line thereof, and the plaintiff was injured. There was evidence that the defendant, immediately before the accident, while reprimanding the plaintiff for his previous conduct at a restaurant, turned toward the plaintiff and took his eyes off the road for a period of about thirty seconds, and that the plaintiff warned him "look where you are going." Clearly there was evidence of deliberate inattention of the defendant to the operation of the automobile. Further statement of the evidence is unnecessary. The evidence as a whole warranted a finding of gross negligence of the defendant supporting the count of the declaration on that ground. *Crowley* v. *Fisher*, 284 Mass. 205, 206. *Koufman* v. *Feinberg*, 298 Mass. 270, 271, and cases cited. *Picarello* v. *Rodakis*, 299 Mass. 33, 36. See, as to operation, under the influence of liquor, of an automobile, *Caldbeck* v. *Flint*, 281 Mass. 360, 362. And it could not have been ruled as matter of law that the plaintiff was guilty of contributory negligence. The count of the declaration alleging violation of G. L. (Ter. Ed.) c. 89, § 1, need not be considered.

I. R. *Shaw* & J. A. *Anderson, Jr.*, for the defendant.

A. *Bettigole*, for the plaintiff.

ANNA SUNDELOF *vs.* SIMCO TRADING CO. INC. February 9, 1939. Exceptions overruled. The plaintiff's requests for rulings, numbered 5 and 6, were properly denied, since they asked rulings as to the legal effect of a part only of the facts which might have been found, bearing upon the conduct of the defendant's servant. The plaintiff's request numbered 10 was properly denied, since it could not be ruled as matter of law that the defendant's servant was negligent.

H. S. *Avery*, (S. P. *Weston* with him,) for the plaintiff.

J. M. *Graham*, for the defendant.