DOROTHY SOUZA *vs.* ELIZABETH R. MELLO.

AMELIA DUARTE *vs.* SAME.

MANUEL DUARTE, JR., *vs.* SAME.

Bristol.   November 28, 1939. — December 27, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence,* Motor vehicle, Gross, In use of way.

A finding of gross negligence of the operator of a motor truck was not warranted by evidence that while proceeding at high speed at night he "turned to speak to" a passenger behind him and then "turned back again" and "was talking just before" the truck ran into another truck standing partially on the travelled way.

THREE ACTIONS OF TORT. Writs in the Third District Court of Bristol dated January 9, 1935.

Upon removal to the Superior Court, the actions were tried before *Sheehan,* J. There were verdicts for the plaintiffs in the sums, respectively, of $5,000, $2,000 and $500.

The cases were submitted on briefs.

*S. E. Bentley,* for the defendant.

*J. Lipsitt & E. M. Kanter,* for the plaintiffs.

Cox, J.   The ground for recovery in these three cases is that the driver of the defendant's truck was grossly negligent.   The first two plaintiffs named were riding as "guest passengers" in the truck, and the plaintiff in the third case sues for consequential damages, his wife being the plaintiff in the second case.   The defendant duly excepted to the denial of her motion for a directed verdict in each case. The jury returned verdicts for the plaintiffs.   The trial judge duly reserved leave to enter a verdict for the defendant in each case; thereafter he denied the defendant's motion that verdicts be entered, and the defendant excepted.

The only evidence in the bill of exceptions relating to the issue of gross negligence is as follows:   About 6 P.M. on October 16, 1934, the defendant's truck was travelling in a westerly direction on the northerly half of the principal highway between Cape Cod and New Bedford.   A large oil truck, headed in a westerly direction, was standing on the side of the highway with its left rear four or five feet upon the travelled portion of the way, which was twenty-four feet wide and of tarvia construction.   The plaintiff Amelia Duarte, who was sitting in the body of the defendant's truck on a box located behind the seat of the driver, was facing in the direction in which the truck was proceeding, with her knees about two inches from the back of the seat.   The "defendant's truck was travelling westerly over fifty miles an hour while passing an ice cream stand located about three quarters of a mile east of the place where the accident occurred and at that time he [the operator] turned around and asked the plaintiff, Amelia Duarte, if she wanted some ice cream, that the operator of the defendant's truck while travelling about sixty miles per hour passed another car going in the same direction in which he was proceeding and did not slow up, that just before the accident the defendant's operator turned to speak to Amelia Duarte who was sitting just behind the

driver's seat and that he turned back again and was talking just before the accident happened, that the plaintiffs then saw the oil truck standing in the road and said 'Watch out, we're going to bump' and then the collision between the defendant's truck and the oil truck occurred."

This evidence did not warrant a finding of gross negligence. *Bertera* v. *Cuneo,* 273 Mass. 181. *Richards* v. *Donohue,* 285 Mass. 19. *Curley* v. *Mahan,* 288 Mass. 369, 374. *Adamian* v. *Messerlian,* 292 Mass. 275. *Folan* v. *Price,* 293 Mass. 76. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170. *Woods* v. *Woods,* 295 Mass. 238. *Cahalane* v. *Dennery,* 298 Mass. 34. *Beaton* v. *Dawson,* 303 Mass. 429.

It follows that it is unnecessary to consider the effect of the instrument executed by the father and next friend of the plaintiff Souza and by the other plaintiffs, or of the words printed on the face of the draft indorsed by them, both of which relate to the disposition of cases brought by the plaintiffs in the cases at bar against the owner and operator of the oil truck.

> *Exceptions sustained.*
> *Judgment for the defendant in each case.*