FRANCES M. CONNELL *vs.* MARGARET M. HARRINGTON.

Bristol.    October 28, 1942. — November 30, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence*, Gross, Motor vehicle, Use of way.

A finding of gross negligence of the operator of an automobile was warranted by evidence that, while it was going at the rate of forty miles an hour, he lost his balance and lost control of it as he was reaching to the floor with his left hand, and that thereupon the automobile veered to the right at increased speed and struck a pole.

TORT. Writ in the Second District Court of Bristol dated November 12, 1937.

Upon removal to the Superior Court, the action was tried before *Forte*, J. In this court it was submitted on briefs.

*W. A. Torphy & J. P. McGuire, Jr.*, for the defendant.

*J. T. Farrell & W. P. Grant*, for the plaintiff.

DOLAN, J. This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff in the circumstances set forth below. The declaration was in two counts. A count alleging ordinary negligence was waived by the plaintiff, and the case proceeded to trial on a count alleging gross negligence on the part of the defendant. At the close of the trial the defendant moved for a directed verdict in her favor. The motion was denied sub-

ject to her exception, and the jury returned a verdict for the plaintiff.

There was evidence that would have warranted the jury in finding the following facts: At the time of the accident the plaintiff was riding as a guest in an automobile owned and operated by the defendant. While the defendant was operating the vehicle on Warren Street, in Fall River, at a speed of about forty miles an hour, she leaned forward, put "her left hand on the floor as though she was trying to reach something and her right hand was on the wheel." She maintained that position for four or five seconds, during which time "the car did not change its course and neither increase[d] nor decrease[d] its speed." The defendant then "'toppled over' to the left and took her right hand from the wheel of the car." She tried to raise herself and gain her balance, and "grabbed the wheel of the car with her right hand." The automobile veered to the right, its speed increased to about fifty miles an hour. Travelling at that speed for one hundred feet or more, the vehicle collided with a pole and the plaintiff suffered the injuries complained of by her. The jury could also have found that the defendant "was about to place a bag on the floor of the car and [that] the next thing she knew, the car was against the pole," and that when the defendant first leaned over the automobile was about three hundred feet from the pole. In these circumstances the jury could have found that the defendant was operating the vehicle at an unreasonable and improper rate of speed, and that she lost control of it by reason of diverting her attention from the business of driving and, in so doing, incurred an obvious risk and was guilty of gross negligence.

The case is governed in principle by the discussions in such cases as *Crowley* v. *Fisher*, 284 Mass. 205, 207, *Copeland* v. *Russell*, 290 Mass. 542, *Koufman* v. *Feinberg*, 298 Mass. 270, 271, and *Picarello* v. *Rodakis*, 299 Mass. 33, 35, 36. It could not have been ruled properly on the evidence that the defendant was not guilty of gross negligence, and the case was properly submitted to the jury.

*Exceptions overruled.*