EDITH L. DINARDI *vs.* STEPHEN HEROOK.

Middlesex.    March 4, 1952. — April 3, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Gross, Motor vehicle, Contributory.

Evidence that while an automobile at night was travelling at thirty-five miles an hour and approaching a fork in the road the operator turned his head and looked at a guest beside him on the front seat and not at the road for forty seconds, whereupon the automobile struck an abutment at the fork and the guest was injured, warranted a finding of gross negligence on the part of the operator and did not require a ruling that the guest was guilty of contributory negligence.

TORT.    Writ in the Superior Court dated January 31, 1947.

A verdict for the defendant was ordered at a trial before *Dowd, J.*, and the plaintiff alleged exceptions.

*G. P. Lordan*, for the plaintiff.

*C. W. Sloane*, for the defendant.

LUMMUS, J.    In the evening of February 19, 1946, the plaintiff, then a young unmarried woman, was called for by the defendant who was operating his father's automobile.

The defendant took the plaintiff, his own brother, and another young woman to a dance hall in Reading, at which they arrived about half past eight. They left the dance hall about eleven o'clock, when a heavy wet snow was falling. After a lunch in Stoneham, they left to drive the plaintiff home. She was a gratuitous passenger, or guest, of the defendant.

When the automobile left Stoneham, the defendant was driving at a speed of thirty-five miles an hour, which speed was maintained until the happening of the accident hereinafter described. It was snowing heavily, and the windshield became covered with snow. On one occasion the defendant got out of the automobile to clear the windshield, and about a mile before arriving at the scene of the accident the plaintiff, who sat next to him on the front seat, asked him to clear it again, but he failed to do so. On several occasions the automobile was on the left side of the road, and the plaintiff told the defendant to get back on the right side of the road. Just before the place of the accident there is a down grade, and there was evidence that the defendant drove along the down grade at a speed of thirty-five miles an hour with his windshield so covered with snow that he had difficulty in seeing. The automobile was approaching a place where the road forked and the defendant was required to take the right fork, passing to the right of a concrete abutment located at the fork. There was evidence that for forty seconds before the accident the defendant turned his head and looked at the plaintiff and not at the road. At thirty-five miles an hour, the automobile would have gone more than two thousand feet in forty seconds. The automobile struck the abutment and all the occupants, including the plaintiff, were hurt.

At the conclusion of the evidence, of which the foregoing is the version most favorable to the plaintiff, the judge ordered a verdict for the defendant, and the plaintiff excepted.

The plaintiff as a guest passenger had to show, in order to recover, that she was injured because of the gross negli-

gence of the defendant. *Massaletti* v. *Fitzroy*, 228 Mass. 487. Gross negligence is defined and explained in *Altman* v. *Aronson*, 231 Mass. 588. The difference between ordinary negligence and gross negligence is one of degree. *Hastings* v. *Flaherty*, 321 Mass. 368, 370.

In a number of cases momentary inattention on the part of the operator has been held insufficient to warrant a finding of gross negligence. *Curley* v. *Mahan*, 288 Mass. 369, 374 (four or five seconds). *Adamian* v. *Messerlian*, 292 Mass. 275 ("momentary"). *Folan* v. *Price*, 293 Mass. 76 (ten seconds, after hearing a grating noise at the rear wheel). *Woods* v. *Woods*, 295 Mass. 238 (two or three seconds). *Cahalane* v. *Dennery*, 298 Mass. 34 (handing of match to person in rear seat, no inattention shown). *Beaton* v. *Dawson*, 303 Mass. 429 (two or three seconds, after being told that bottles had broken in rear seat). *Souza* v. *Mello*, 304 Mass. 552 (turning to ask person in rear whether she wished ice cream, no estimate of time). *Passler* v. *Mowbray*, 318 Mass. 231 (momentary turning of head). But even where the inattention was only momentary, a jury has been allowed to find gross negligence where the inattention occurred in a place of great and immediate danger. *Granger* v. *Lovely*, 302 Mass. 504. See also *Passler* v. *Mowbray*, 318 Mass. 231, 232.

In the present case the inattention was much more than momentary. The evidence is that it occupied forty seconds, during which the automobile went more than two thousand feet. In a number of cases such protracted inattention, and even less than that, has been held to warrant a finding of gross negligence. *Rog* v. *Eltis*, 269 Mass. 466 (at forty-five miles an hour taking hand from wheel to make unwelcome advances to woman passenger). *Kirby* v. *Keating*, 271 Mass. 390 (taking eyes from road a long time to consult wrist watch). *Meeney* v. *Doyle*, 276 Mass. 218 (looking at passenger behind him for substantial time). *Green* v. *Hoffarth*, 277 Mass. 508, 516 (turning to talk with person in rear after warning). *Bruce* v. *Johnson*, 277 Mass. 273 (raising hands from wheel at fifty-five miles an hour). *Dow* v.

*Lipsitz*, 283 Mass. 132 (taking eyes off road to adjust lights at thirty or thirty-five miles an hour). *Crowley* v. *Fisher*, 284 Mass. 205 (looking at aircraft for seven or eight seconds). *Horneman* v. *Brown*, 286 Mass. 65 (looking from road and taking both hands from wheel for twenty-five seconds to light a cigarette at thirty-five miles an hour). *Copeland* v. *Russell*, 290 Mass. 542 (taking both hands from wheel and turning around to help child from rear into front seat). *Cycz* v. *Dugal*, 295 Mass. 417 (looking back, trying to find a cigarette, at thirty-five miles an hour). *O'Toole* v. *Magoon*, 295 Mass. 527 (taking one hand from wheel and turning to talk with person in rear). *Smith* v. *Axtman*, 296 Mass. 512 (taking hands from wheel and looking around). *Koufman* v. *Feinberg*, 298 Mass. 270 (taking suitcase from floor, turning around and putting suitcase in rear). *Picarello* v. *Rodakis*, 299 Mass. 33 (taking one hand from wheel to brush ashes from dress while looking down for three seconds). *Colby* v. *Clough*, 301 Mass. 52 (at forty to forty-five miles an hour turning to left while looking to right). *Haggerty* v. *Sullivan*, 301 Mass. 302 (turning head to speak to persons in rear at fifty to sixty miles an hour). *McGaffigan* v. *Kennedy*, 302 Mass. 12 (looking around for considerable time at speed of fifty to sixty miles an hour). *Hanlon* v. *Westberg*, 302 Mass. 603 (taking eyes from road for thirty seconds at speed of thirty-five to forty miles an hour). *Connell* v. *Harrington*, 312 Mass. 436 (leaning forward, reaching to floor for four or five seconds, with one hand on wheel at forty miles an hour). *Smith* v. *Murphy*, 313 Mass. 68 (looking back at fifty miles an hour while steering sharply to left). *Hastings* v. *Flaherty*, 321 Mass. 368 (watching in mirror automobile in rear while driving fifty to sixty miles an hour on dark curving road for a mile). We think that the question of the gross negligence of the defendant should have been submitted to the jury.

The burden of showing contributory negligence on the part of the plaintiff was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. *Perry* v. *Boston Elevated Railway*, 322 Mass. 206. It appears that the defendant turned his head and

looked at the plaintiff and not at the road for forty seconds. The plaintiff testified to that. But the operation of the automobile was the responsibility of the defendant, and not that of the plaintiff. The plaintiff was required to use only ordinary care for her safety. Considering the speed at which the automobile was going, we think that it cannot be said that the plaintiff had any effective means of preventing the accident or that she can be pronounced negligent in failing to find and use such means in the time between her realization of the danger and the ensuing accident. We think that the question of contributory negligence of the plaintiff was for the jury.

*Exceptions sustained.*