MARIA ROSARIO *vs.* FRANCISCO VASCONCELLOS
(and two companion cases[1]).

Bristol.    April 6, 1953. — April 29, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence in the operation of an automobile was not
    warranted by evidence merely that, upon rounding a curve onto a
    straight, level section of dry highway at forty to forty-five miles an
    hour on a clear day, the automobile suddenly turned to the left side
    of the highway, then back to the right side, and then, at increased
    speed, to the left side again, whereupon it collided with another auto-
    mobile going in the opposite direction.

THREE ACTIONS OF TORT.    Writs in the Superior Court
dated July 7, 1948.

The actions were tried before *Forte, J.*

*William J. Fenton,* for the defendant.

*William A. Torphy & Maurice M. Lyons,* for the plain-
tiffs, submitted a brief.

COUNIHAN, J.    These are actions of tort for personal in-
juries alleged to have been caused by the gross negligence
of the defendant when the plaintiffs were riding as guests
of the defendant in an automobile operated by him.    These
actions were tried with several other actions with which we
are not concerned.    At the conclusion of the evidence
offered by the plaintiffs against the defendant in the instant
actions, the defendant, prior to the introduction of any
evidence in the several other actions, rested and filed a
motion for a directed verdict for the defendant in each of
the present actions.    These motions were denied and the
jury returned a verdict for each of these plaintiffs.    The
actions come here upon the exceptions of the defendant to
the denial of each motion.

---

[1] The companion cases are by Manuel Teixeira and Antonio Gouveia
against the same defendant.

There was error in the denial of the motions.

The real question presented is whether the evidence considered in its aspects most favorable to the plaintiffs was sufficient to warrant the jury finding gross negligence.

The evidence may be summarized as follows: On June 6, 1948, at about 7 P.M. the plaintiffs were riding as guests or gratuitous passengers in an automobile operated by the defendant from New Bedford to Taunton. The automobile was proceeding on Route 140 in a northerly direction in the town of Lakeville. It was a clear day and the road was dry. Route 140 is a two lane cement highway, each lane being about ten feet in width, with a dirt shoulder on each side of the highway about five feet wide. It was intersected on the easterly side by a street called Highland Road where Route 140 curves. South of this intersection Route 140 was a straight level highway for about one eighth of a mile at the end of which there was another curve. The defendant was driving at about forty to forty-five miles an hour as he rounded this curve. His automobile suddenly left the right side of the road, cut over to the left side of the road, turned back to the right side, and then turned back again to the left side, all in a distance of about one eighth of a mile. When the defendant's automobile was turning to the left side for the second time, it seemed to be increasing in speed. The defendant's automobile collided with an automobile of one Perry which was coming toward it from the opposite direction. All of the plaintiffs were injured. There was no evidence as to what caused the automobile of the defendant to act as it did. There was likewise no evidence of any inattention on the part of the defendant or of any warning by any of the plaintiffs.

Undoubtedly this evidence tended to show negligence on the part of the defendant, but in order to recover this court has repeatedly held that gratuitous passengers or guests must show gross negligence on the part of a defendant. *West* v. *Poor*, 196 Mass. 183. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Manning* v. *Simpson*, 261 Mass. 494.

What kind of evidence is sufficient to show gross negli-

gence has been frequently discussed in our decisions, and the indicia of gross negligence, some of which must be present before such a finding is warranted, have been so often set out that citations seem hardly necessary. The distinction between ordinary negligence and gross negligence was pointed out by Chief Justice Rugg in *Altman* v. *Aronson,* 231 Mass. 588. While that case involved a gratuitous bailee of personal property, the principles set forth were reiterated by the same justice in *Adamian* v. *Messerlian,* 292 Mass. 275, a case involving the operation of an automobile. These principles are so well established in our law that we need not repeat them here. See *Marcienowski* v. *Sanders,* 252 Mass. 65; *Bank* v. *Satran,* 266 Mass. 253. In *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, at page 172, some of the more common indicia of gross negligence are set forth as "deliberate inattention," "voluntary incurring of obvious risk," "impatience of reasonable restraint," or "persistence in a palpably negligent course of conduct over an appreciable period of time."

While it is true that each case must be decided on its own facts, *Lynch* v. *Springfield Safe Deposit & Trust Co. supra; Romer* v. *Kaplan,* 315 Mass. 736, 738, and cases cited, and the defendant's conduct must be considered as a whole, having due regard for the attendant circumstances, *Bruno* v. *Donahue,* 305 Mass. 30, 35–36; *Loughran* v. *Nolan,* 307 Mass. 195, 197, yet "The probative effect of the facts here shown must be tested by the standard declared. The measure that is to be applied is one of law, hence not within the control of the jury. In appropriate cases a ruling can be made that the facts are not sufficient to justify a verdict based wholly upon the existence of gross negligence." *Burke* v. *Cook,* 246 Mass. 518, 521.

For a good discussion of what constitutes gross negligence in some circumstances, see *Dinardi* v. *Herook,* 328 Mass. 572, 574–575.

We are of opinion that no combination of facts which could have been here found directly or be reasonably inferred from the evidence was sufficient to permit a finding

of gross negligence. The evidence does not amount to a "heedless and palpable violation of legal duty" to the plaintiffs, or "utter forgetfulness of legal obligations so far as other persons may be affected," *Altman* v. *Aronson*, 231 Mass. 588, 591, or "an utter disregard of the dictates of prudence amounting to complete neglect of the safety of the guest." *Manning* v. *Simpson*, 261 Mass. 494, 496. The evidence is also wanting in "deliberate inattention," or "impatience of reasonable restraint," or any other of the indicia of gross negligence set up in decided cases. *Burke* v. *Cook*, 246 Mass. 518, 522. *Stetson* v. *Howard*, 284 Mass. 208, 211. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. *Duval* v. *Duval*, 307 Mass. 524, 531.

A collateral issue argued is whether testimony of two other witnesses, introduced after the defendant had rested and filed his motions for directed verdicts, should be incorporated in the bill of exceptions. We have examined this evidence and conclude that it adds nothing to other evidence bearing upon the question of the gross negligence of the defendant. We need not therefore consider whether it should have been included in the bill of exceptions.

> *Exceptions sustained.*
> *Judgment for the defendant*
> *in each case.*