PHILIP J. PRUZYNSKI *vs.* WALTER J. MALINOWSKI.

Hampshire.    September 25, 1958. — November 7, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence*, Gross, Motor vehicle.

Evidence that while the operator of a motor truck whose right arm had been partially amputated was driving along a street at a speed of thirty to thirty-five miles an hour he observed an automobile parked on the right hand side of the street three hundred or one hundred feet away, that a gust of wind then blew a light hat off his head, whereupon he involuntarily took his left hand off the steering wheel to recapture

his hat and momentarily reached for it behind the front seat, and that when he looked up the truck was so close to the automobile that he was unable to prevent a collision between them, did not warrant a finding of gross negligence on his part toward a guest occupant of the truck injured in the collision.

TORT. Writ in the District Court of Hampshire dated February 23, 1956.

Upon removal to the Superior Court the action was tried before *O'Brien,* J.

*Arthur D. Giustina,* for the defendant.

*John J. O'Connell,* for the plaintiff, submitted a brief.

COUNIHAN, J. On the afternoon of December 8, 1955, the plaintiff was injured while riding as a gratuitous guest in a motor truck owned and operated by the defendant on Northampton Street in Holyoke. The jury returned a verdict for the plaintiff. The defendant's exceptions, which were to the denial of his motion for a directed verdict and to the denial of a motion to enter a verdict for him under leave reserved, present the issue whether the accident was caused by the gross negligence of the defendant. We are of opinion that the judge erred in failing to allow the defendant's motions.

We summarize the facts most favorable to the plaintiff. The defendant was operating a one ton pick up motor truck and had invited the plaintiff to ride with him from Florence to Holyoke. The defendant's right arm had been partially amputated. As he was driving along Northampton Street at a speed of thirty to thirty-five miles an hour he observed an automobile parked on the right hand side of the street. When he first saw it he estimated that the automobile was one hundred yards or one hundred feet away. At about the same time a gust of wind blew a light hat which he was wearing off his head. He involuntarily took his left hand off the steering wheel in an attempt to recapture his hat and also reached down into the area behind the front seat in an effort to regain it.

The evidence from both the plaintiff and the defendant was that all of this took from two to four seconds. When

the defendant looked up he saw the automobile again. His truck was so close to it that he could not "swing out fast enough." The defendant applied his brakes "so quick" and the truck hit the automobile and tipped over injuring the plaintiff.

The right of a gratuitous guest passenger to recover and the obligation of a defendant host toward him have been the subject of much discussion in our cases. But out of all this discussion it has been firmly established that the plaintiff in such circumstances must prove that the defendant was guilty of gross negligence at the time of an accident. Such negligence has been described as "the omission of even such diligence as habitually inattentive and careless men do not fail to exercise in avoiding danger to their own person or property." *Altman* v. *Aronson,* 231 Mass. 588, 593. In *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, this court said that some of the common indicia of gross negligence are "deliberate inattention, or . . . voluntary incurring of obvious risk, or . . . impatience of reasonable restraint, or . . . persistence in a palpably negligent course of conduct over an appreciable period of time."

We appreciate as was said in *Driscoll* v. *Pagano,* 313 Mass. 464, at page 468, that "At best, it is often exceedingly difficult to draw the line of distinction that exists between gross and ordinary negligence. Yet the distinction is well established and must be observed, lest all negligence be gradually absorbed into the classification of gross negligence."

Many cases involving gross negligence as distinguished from ordinary negligence have been analyzed in *Dinardi* v. *Herook,* 328 Mass. 572. We are of opinion, because of what we have quoted from the cases hereinbefore cited, that the facts in the cases referred to at the top of page 574 of the *Dinardi* opinion more nearly resemble the facts in the instant case than do the facts in the cases referred to at the bottom of page 574 and page 575 of that opinion.

In the case at bar there was no more than momentary inattention on the part of the driver. The evidence does not warrant a finding that, when the defendant involuntarily

reached for his hat, the truck then was in a dangerous position with reference to the parked automobile. However that may be, his action in taking his good arm off the wheel was in no wise deliberate.

We have found no case in our jurisdiction where a defendant has been found liable for gross negligence in circumstances similar to those in the instant case. On the contrary, in at least three cases decided since the *Dinardi* case gross negligence was not found to exist in circumstances where it appeared that the defendant may have been more culpable than the present defendant. *Flynn* v. *Hurley*, 332 Mass. 182, *Belina* v. *Pelczarski*, 333 Mass. 730, 733. *McNair* v. *Fraher*, 336 Mass. 458.

> *Exceptions sustained.*
> *Judgment for the defendant.*