# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

MARY BARBERIAN LEWIS vs. PATRICK ST. GEORGE, JR.    March 6, 1968. The sole question is whether the judge erred in directing a verdict for the defendant. The evidence most favorable to the plaintiff may be summarized as follows: About 1:15 A.M. on March 19, 1965, the plaintiff entered the defendant's car at his invitation for a ride home. They traveled easterly on Prospect Street in Cambridge going toward Somerville. The street was dry and the weather clear. The automobile was moving at a speed of from twenty to twenty-five miles an hour. The defendant said to the plaintiff that his car was a sports car and that it took corners "very good and it drove very fast." As the car came to a point near a fire hydrant located in front of No. 64 Prospect Street the defendant said that he wanted the plaintiff to see how close he could come to the hydrant without hitting it. The plaintiff testified that the defendant then drove his car to the right of the hydrant, struck the curbstone and hit the hydrant. Immediately before he hit the hydrant the plaintiff said: "Don't do that, let me out." A policeman who was watching the course of the car from a point about 150 yards away testified that he saw the car veer sharply to the right, jump the curbstone and strike the fire hydrant. Since the plaintiff was a guest of the defendant she could recover only upon proof that he was grossly negligent. *Rosario* v. *Vasconcellos,* 330 Mass. 170, 171–172. The evidence shows that the defendant undertook to pass as close to the hydrant as he could without hitting it. In so doing he voluntarily incurred an obvious risk, which is one of the common indicia of gross negligence. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. Since the evidence, in the opinion of a majority of the court, would have warranted a finding of gross negligence, the case should have been submitted to the jury. The Chief Justice did not sit in this case.

*Exceptions sustained.*

*Paul G. Holian* for the plaintiff.
*Richard E. Verville* (*Paul J. Dolan* with him) for the defendant.

GEORGE E. BERGIN vs. JANE H. LORD & another.[1]    March 27, 1968.    In this action of tort for property damage in two counts, one against the owner and the other against the operator of a vehicle which was in collision with the plaintiff's vehicle on a public highway in Woburn, the judge found for the plaintiff in the sum of $200. The Appellate Division dismissed the report. All issues are adequately and correctly disposed of in the opinion of the Appellate Division.

*Order dismissing report affirmed.*

*Herbert Lord* for the defendants.
No argument or brief for the plaintiff.

---

[1] Herbert Lord, the operator of the vehicle.