ANNA G. STETSON vs. KENNETH HOWARD.

LUMAN PREST vs. SAME.

CLARENCE F. STETSON vs. SAME.

Franklin.  September 20, 1933. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

A finding that the defendant was guilty of gross negligence was not war-
ranted at the trial of an action for personal injuries sustained when
the plaintiff was riding as a guest in an automobile operated by the
defendant, where the evidence warranted findings that, while the auto-
mobile was proceeding on a dark night at the rate of thirty-five to
forty miles an hour on a road with a macadam surface eighteen feet
wide and soft shoulders of gravel three feet wide on each side, the de-
fendant, not being familiar with the road and without giving any
signal, attempted to pass to the left of another automobile travelling
in the same direction in about the center of the road and in so doing
drove his automobile into and along the shoulder of the road for some
distance until it turned sharply to the left as it struck a hummock in
the shoulder or was turned by the defendant to avoid striking a pole
eight to fifteen feet from the macadam, and ran over a stone wall into
a field, its right side striking the pole as it turned, but there was no
evidence that it would not have been possible for the defendant to
have passed the other automobile without going off the macadam, or
that the road was not straight at the scene of the accident, or that the
defendant's view ahead was obstructed, or that there was any ap-
proaching traffic, or that the shoulders did not look safe for travel, or
that the defendant saw a sign warning travellers that the road was
under repairs, or that the defendant's attention was diverted at any
time from the operation of the automobile.

THREE ACTIONS OF TORT. Writs dated, respectively,
January 3, 1930, February 28, 1930, and May 7, 1930.

The actions were tried together in the Superior Court
before *Dillon*, J. Material evidence is stated in the opinion.
The judge ordered a verdict for the defendant in each action.
The plaintiff in each action alleged an exception.

*M. J. Levy*, for the plaintiffs.

*C. Fairhurst*, for the defendant.

FIELD, J. These three actions of tort were tried together. The actions of Anna G. Stetson and Luman Prest were brought to recover compensation for personal injuries sustained by them when riding in an automobile operated by the defendant. The action of Clarence F. Stetson was brought to recover medical expenses incurred by him on account of his daughter, Anna G. Stetson, who was a minor at the time of the accident. The defendant moved for a directed verdict in each case. The motions were allowed and the plaintiffs excepted.

The verdicts were directed rightly. Proof of gross negligence on the part of the defendant was essential to recovery since there was no evidence that the plaintiffs, who were riding with the defendant, were in any more favorable position than that of his guests. *Balian* v. *Ogassin*, 277 Mass. 525, 528–529. *Thibeault* v. *Poole*, 283 Mass. 480, 485. But the evidence did not warrant a finding of gross negligence.

There was evidence that the plaintiffs Prest and Anna G. Stetson were thrown out of an automobile operated by the defendant and injured when it struck a telephone pole, eight to fifteen feet from the macadam surface of the road. It could have been found that the accident resulted from the defendant's attempting while operating the automobile, on a dark night, on a macadam road with which he was unfamiliar, at a speed of thirty-five or forty miles an hour, to pass on the left, without reducing speed, an automobile travelling in the center, or "just over the center," of the road at a speed of fifteen or twenty miles an hour and, in the attempt, running the automobile into the soft shoulder of the road and continuing to run it in the soft shoulder and in the soft ground outside until it turned sharply to the left and ran over a stone wall into a field, striking, as it turned, its right side against the pole. There was evidence that the defendant turned his automobile sharply to the left, to avoid hitting the pole, because he could not turn it back into the road, but there was also evidence that the sharp turn to the left was caused by the automobile's running against a "hummock" in the soft shoulder. The

distance from the point at which the defendant ran into the soft shoulder of the road to the pole was variously estimated by the witnesses at from thirty-five to one hundred feet.

There was evidence that the automobile which the defendant attempted to pass did not turn to the right to permit him to do so, and it could have been found on conflicting evidence that the defendant gave no signal that he was about to pass. But it did not appear that it would not have been possible for the defendant to have passed the other automobile without getting off the macadam. Nor is it shown that the road was not straight where he attempted to pass. And there was no evidence that the defendant's view of approaching traffic was obstructed for a distance of less than five hundred feet (compare *Schusterman* v. *Rosen*, 280 Mass. 582; *Powers* v. *Comerford*, 283 Mass. 589) or that there was any approaching traffic.

It appeared in evidence that the road had been recently constructed of macadam eighteen feet wide with shoulders of gravel three feet wide on each side, and there was testimony that the shoulders had not been completed "long enough to settle." Though the testimony that if one did not know the shoulders were soft one would think they were all right could have been disbelieved, there was no evidence that they did not look safe for travel. There was evidence, however, that at each end of the newly constructed road there was a sign "just off the highway in a place which is visible to the travelling public," reading: "Slow, Road Under Repairs. Persons Using This Road Do So At Their Own Risk," but no evidence that the defendant saw such a sign.

It could have been found on conflicting testimony that, at some distance from the place where the accident occurred, occupants of the automobile objected to the speed of the automobile, but there was no evidence, as in *Crowley* v. *Fisher*, *ante*, 205, that the defendant's attention was at any time diverted from the operation of the automobile. The plaintiff Prest testified that the defendant, at the scene of the accident, said to him, "I take all blame

for this accident and all the responsibility and that I was the cause of it."

The evidence above summarized, though warranting a finding of ordinary negligence on the part of the defendant, did not warrant a finding of gross negligence on his part as the line has been drawn in the decided cases between ordinary and gross negligence. *Cook* v. *Cole*, 273 Mass. 557, 561. Neither the defendant's conduct, in the circumstances shown, in attempting to pass the automobile in front of him nor his conduct after he ran into the soft shoulder could properly be found to amount "to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected." *Altman* v. *Aronson*, 231 Mass. 588, 591. The case is controlled by cases like *Burke* v. *Cook*, 246 Mass. 518, *Marcienowski* v. *Sanders*, 252 Mass. 65, *Cook* v. *Cole*, 273 Mass. 557, and *McKenna* v. *Smith*, 275 Mass. 149.

*Exceptions overruled.*