FREDERICK RICHARDS *vs.* EDWARD DONOHUE.

SAME *vs.* OLCOTT MOTOR COMPANY.

PETER GARRIGAN *vs.* EDWARD DONOHUE.

SAME *vs.* OLCOTT MOTOR COMPANY.

Middlesex.   November 7, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Gross.

At the trial of an action for personal injuries against the operator of an automobile, a finding of gross negligence on the defendant's part was not warranted on evidence that, while moving at the rate of thirty-five to forty miles an hour on a gravel road twenty-three feet wide with an oiled surface and car tracks at the left side and a swamp at the right side, the automobile approached another automobile going in the same direction at the beginning of a curve of about seventy degrees; that the defendant increased speed, drew over to his left side of the road where he did not have one hundred yards clear view ahead, passed the other automobile, and continued at fifty to fifty-five miles an hour around the curve on the left side of the road near the rail of the car track; that, when he had passed the curve he saw a third automobile approaching from the opposite direction and, in order to avoid it, turned his automobile sharply to the right, where-upon he lost control of it and it overturned; and that the defendant had disregarded requests by other occupants of his automobile to moderate its speed and not to pass the second automobile on the curve.

FOUR ACTIONS OF TORT.   Writs dated June 1, 1931.

In the Superior Court, the actions were referred to an auditor and afterwards were tried together before *Gibbs,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*J. J. Bruin,* for the plaintiffs, submitted a brief.

*J. H. Gilbride,* for the defendants.

CROSBY, J.   These were actions of tort, brought to recover for personal injuries received by the plaintiffs while

riding in an automobile owned and registered in the name of the defendant Olcott Motor Company, and operated by the defendant Donohue. The cases were referred to an auditor with a reservation that his findings of fact were not to be final.

He found that the plaintiffs were invited to ride from the city of Lowell to the town of Dracut; that on the road where the accident occurred there was a curve of approximately seventy degrees; that at that place the roadway was twenty-three feet wide and constructed of gravel with an oiled surface; that along the left side of the road in the direction in which they were travelling there was an electric car track, the space between the rails being at a level several inches below that of the road itself. The surface of the roadway was flush with the top of the rail nearest the road except that on the curve and for a short distance beyond it the surface at the rail was broken and there was a depression six to eight inches wide and about an inch deep along the rail having a "jagged" edge on its other side; that when Donohue was driving at a rate of from thirty-five to forty miles an hour, both plaintiffs asked him to moderate his speed, which he failed to do; that as they approached the curve at about the same speed there was an automobile ahead of them; that just before rounding the curve Donohue increased his speed somewhat, drew over to his left side of the road where he did not have one hundred yards clear view ahead, passed the other automobile, and continued around the curve on the left side of the road near the rail of the car track; that when Donohue had passed the curve he saw an automobile approaching on its right side of the way and, in order to avoid it, he turned his automobile sharply to the right; that it swayed, then tipped over and came to a stop on the other side of the road. The auditor found that the plaintiffs were in the exercise of due care, that Donohue was negligent, and that his negligence caused the plaintiffs' injuries, but that his conduct did not amount to gross negligence and, accordingly, found for the defendant in each case.

The cases were later heard in the Superior Court where, in addition to the facts above found by the auditor, the plain-

tiffs introduced evidence that at the time Donohue was rounding the curve the plaintiff Garrigan said (referring to the driver of the automobile going in the same direction), "Don't pass him on a curve," at which time Donohue was going from fifty to fifty-five miles an hour; that Garrigan also said to him, "Don't pass him, look out for this other car coming in the opposite direction"; that when Donohue saw the other automobile he was on the extreme left of the macadam part of the road and turned sharply to the right to get back on his side of the road; that he felt the left side of his automobile going down slightly to the ground; that the steering wheel was shaking in his hand and the automobile difficult to control; that he lost control of it and it then turned around twice, turned over twice and came to a stop on the right side of the highway; that it went a distance of fifty or sixty feet from the place where he first applied his brakes before it came to a stop; that the plaintiff Richards was thrown through the roof of the car upon the highway twenty feet beyond where the automobile came to a stop; that on the right side of the curve in the direction in which it was being operated there was a swamp, and on the left side were the car tracks above described; that the chief of police observed that the needle of the speedometer in the automobile pointed at the figure which represented a speed of sixty miles an hour; that the left front tire was blown out; and that the place where the accident occurred was not a residential, business or thickly settled district. At the close of the evidence the defendants filed motions for directed verdicts, which were allowed subject to the exceptions of the plaintiffs.

Upon the entire evidence the jury could properly have found that the defendant Donohue was negligent in the operation of the automobile when he approached and attempted to pass around the curve; that if he had been in the exercise of due care the accident would not have occurred. To entitle the plaintiffs to recover, however, the burden of proof rested upon them to show that he was guilty of gross negligence, which is different in degree from ordinary negligence and is much more than mere want of due care. *Alt-*

*man* v. *Aronson*, 231 Mass. 588, 591, 593.   The distinction between negligence and gross negligence has been pointed out in many decisions of this court; several of them are collected in *Cook* v. *Cole*, 273 Mass. 557.   The evidence in the case at bar considered in its aspect most favorable to the plaintiffs did not warrant a finding of gross negligence on the part of the defendant Donohue.   *Cook* v. *Cole*, 273 Mass. 557, 561.   *McKenna* v. *Smith*, 275 Mass. 149.   The facts in the present case distinguish it from *Schusterman* v. *Rosen*, 280 Mass. 582, cited by the plaintiffs, and from *Connors* v. *Boland*, 282 Mass. 518, and *Powers* v. *Comerford*, 283 Mass. 589.

As verdicts were rightly directed for the defendants the entry in each case must be

*Exceptions overruled.*