MELINA LEFEBVRE *vs.* BERT HOWELL.

Bristol.    October 22, 1934. — October 25, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence on the part of the driver of an automobile was not warranted at the trial of an action for personal injuries sustained by a guest in the automobile when it ran into a tree seven feet

to the right of a straight, level "tar road" in good condition, where the evidence showed merely that the automobile was in good condition and the driver was in good physical condition, that, travelling on the road at a speed of between twenty-five and thirty miles per hour, the automobile, when about seventy-five feet from the tree, left the road and "continued in its path across land covered with grass and low bushes" with no slackening of speed and no application of the brakes, and that shortly before the collision the driver attempted to steer away from the tree.

TORT for personal injuries. Writ dated October 7, 1932.

In the Superior Court, the action was tried before *Hanify*, J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. Auger & U. Auger,* for the plaintiff.

*T. F. O'Brien & S. E. Bentley,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries, alleged to have been received by the plaintiff through the gross negligence of the defendant whose guest she was in an automobile driven by him. The defendant, a nephew of the plaintiff, started in the forenoon of a clear day from the plaintiff's house in New Bedford, with her and her ten-year-old son, to drive to the home of his mother in Framingham. The automobile was of the coupé type, and all three sat on the same seat. The roads were dry. At some point on the road the defendant turned from a straight, wide cement highway on to a "tar road" sixteen feet in width with a dirt shoulder on each side of about two and a half feet. The road was in good condition with occasional curves. Upon taking this road the defendant stated in reply to a question of the plaintiff, "This is a short cut road and we will get there half an hour sooner." After leaving the cement road the defendant travelled to the right of the middle line of the way on the tar at a speed of between twenty-five and thirty miles an hour. The accident happened because the automobile came in contact with a large tree about seven feet to the right of the gravel shoulder of the road. At a point about seventy-five feet before reaching the tree the automobile

suddenly left the highway to the right at a place where an old road came in at an angle. As the automobile left the highway the plaintiff said to the defendant, "What are you doing!" The automobile "continued in its path across land covered with grass and low bushes without any apparent slowing up. The brakes were not applied. The direction was straight for the tree but shortly before reaching it the defendant attempted to steer the auto away from it and to his left but he was too near and first the right front fender and then the cowl and then the top hit the tree. When the auto stopped, the tree was midway between the right wheels. The left wheels were off the gravel part of the highway about two or three feet. The highway at this point was straight, level, and in good condition. The automobile, prior to the accident, was in good condition, including the working of the brakes. The defendant in all respects was physically in good condition. After striking the tree, the impact caused the windshield to break, as well as doing other damages to the car, and the flying glass cut the plaintiff in various places about the face, head, and left arm. She also received other physical injuries."

A motion for a directed verdict in favor of the defendant was granted. In this there was no error. The plaintiff, being the guest of the defendant, in order to recover must prove gross negligence on his part. This she failed to do. The case falls within the authority of *Cook* v. *Cole*, 273 Mass. 557, *Shriear* v. *Feigelson*, 248 Mass. 432, 436, *Stetson* v. *Howard*, 284 Mass. 208, and *Perkins* v. *Gardner*, 287 Mass. 114. The governing principles of law are well settled and need no amplification as applied to the facts of this case.

*Exceptions overruled.*