EVA KOHUTYNSKI *vs.* DOMINIK KOHUTYNSKI.
SOPHIE KOHUTYNSKI *vs.* SAME.

Suffolk.    October 6, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Auditor: findings; Findings by judge.  *Negligence,* Gross Motor vehicle, In use of way.  *Wilful, Wanton or Reckless Misconduct.*

The mere fact that an automobile was operated on a public way at a speed of from sixty to seventy miles an hour did not as a matter of law, either by itself or in conjunction with certain other facts as to the operation, require a finding that the operator was guilty of either gross negligence or wilful, wanton or reckless misconduct; nor was it, without such other facts, *prima facie* evidence thereof.

In an action heard without jury only upon the report of an auditor whose findings were not final, a general finding by the judge in accordance with the auditor's general finding and conclusion was warranted where the subsidiary facts found by the auditor were not necessarily inconsistent with his general finding and conclusion.

TWO ACTIONS OF TORT.  Writs in the Municipal Court of the Dorchester District of the City of Boston dated July 30, 1935.

On removal to the Superior Court, the actions were heard by *Weed,* J., on the report of an auditor as the only evi-

dence. There was a finding for the defendant in each action. The plaintiffs alleged exceptions.

*H. W. Sullivan*, for the plaintiffs.

*J. F. Cavanagh*, for the defendant.

FIELD, J. These two actions of tort, brought by two minor daughters of the defendant, their father, were tried together. They were brought to recover compensation for personal injuries sustained by the plaintiffs while passengers in an automobile operated by the defendant. The declaration in each case contains a count for wilful, wanton or reckless conduct, a count for gross negligence and a count for negligence. The cases were referred to an auditor whose report was not to be final. They were heard by a judge sitting without a jury on a report of the auditor covering both cases. No other evidence was introduced. The judge found for the defendant in both cases. Each plaintiff requested so called rulings of law and excepted to the refusal of her requests numbered 4, 5, 6, 7, 8 and 9, set out in a footnote,* and to the finding for the defendant.

There was no error.

The auditor's report contains these findings: "The accident occurred on Sunday, August 28, 1932, between four and five o'clock in the afternoon in Ashburnham, Massachusetts. The weather was fine, dry and clear. The defendant with his family consisting of his wife, his two daughters (the plaintiffs in these actions) . . . a son . . . and another person drove from Boston to Whalom Park in Fitchburg, Massachusetts, in an automobile for a pleasure drive and outing. . . . At Whalom Park . . . [the son] and the other person left the automobile and . . . the defendant drove the automobile to Winchendon. . . . The highway

---

* "4. A speed of 60 to 70 miles an hour under all the evidence in this case constitutes wilful, wanton and reckless conduct. 5. The naked fact of a speed of 60 to 70 miles an hour, unaccompanied by any other fact constitutes wilful, wanton and reckless conduct. 6. A speed of 60 to 70 miles an hour, unaccompanied by any other fact, is prima facie evidence of wilful, wanton and reckless conduct. 7. On all the evidence disclosed in this case, the defendant is guilty of wilful, wanton and reckless conduct. 8. . . . [This request embodied a rather full statement of facts found by the auditor and some facts not so found with a statement that these facts constitute] wilful, wanton and reckless conduct. 9. The facts set forth in requests numbered 4, 5, 6, 7, 8 each respectively constitute gross negligence."

from Fitchburg to Winchendon is about 24 feet wide, with hard surface and dirt shoulders . . . . On arrival at Winchendon . . . the return journey to Whalom Park over the same road was started. The defendant did not converse with the other occupants of the car during the journey. He operated the automobile at speeds from 55 to 70 miles an hour and passed several cars travelling in the same direction previous to the accident. There was very little traffic on the road and only one car going in the opposite direction was met and passed previous to the accident. The plaintiff Eva Kohutynski several times and her mother once, requested the defendant to drive slower; but the defendant did not respond to those requests. During the journey, the defendant drove on both the right and left side of the center of the road and the car swayed from side to side at times. . . . As the automobile was travelling through a sparsely settled section of the highway with wooded land on both sides and where there was a slight curve to the left and a white line on the surface indicating the center line of the road, another automobile came out of a road on the right from among the trees into the highway and turned to the right fifteen feet in front of the car operated by the defendant. The defendant applied his brakes and turned the automobile to the left to avoid striking the other car. The car operated by the defendant slowed down and followed a course obliquely to the left out of the control of the defendant. It went about 200 feet and off the road to the left where the right side of the car struck against a tree and about 20 feet further on it hit a rock and turned over on its side. The car took fire. All of the occupants were injured."

The auditor stated his conclusions as follows: "I find that the defendant was operating at a speed between 60 and 70 miles an hour; that his view of the roadway in front was unobstructed and clear and there was no traffic or other automobiles either approaching from the opposite direction or travelling in the same direction as the car operated by the defendant. I find that the accident resulted from the combined circumstances of the unnecessary and excessive speed

at which the defendant operated the automobile and the sudden entrance of another automobile into the highway in front of the defendant from the woods on the right. I find that the defendant operated the automobile at a speed which was negligent and careless. I find that the carelessness and negligence of the defendant was not sufficient to constitute gross negligence. I find that the conduct of the defendant was not wilful, wanton or reckless. I find that the plaintiffs were in the exercise of reasonable and proper care. I find for the defendant in each action."

At the hearing before the judge the findings of the auditor were *prima facie* evidence of the facts found by him. This was true of the auditor's general finding in each case for the defendant as well as of the other findings. And in each case this general finding warranted the finding by the judge for the defendant unless the auditor's other findings were necessarily inconsistent with his general finding for the defendant. G. L. (Ter. Ed.) c. 221, § 56. *Brooks* v. *Davis*, 294 Mass. 236, 238, see also page 246.

1. The plaintiffs' requests appear to be requests for findings of fact. Considered as such the judge was not required to give them. *Ashapa* v. *Reed*, 280 Mass. 514, 516. However, we assume in favor of the plaintiffs that the requests were for rulings of law. So construed the requests, so far as applicable to facts found by the auditor — the only evidence in the case — present the questions whether the conclusions stated in such requests respectively were required as matter of law.

Whether conduct of a person in operating an automobile is wilful, wanton or reckless or constitutes gross negligence depends upon all the circumstances attending such operation. See *Dean* v. *Bolduc, ante,* 15, 16–17. Though the fact that an automobile was operated at a speed of from sixty to seventy miles an hour would have an important bearing in connection with other facts on the question whether the operator was guilty of wilful, wanton or reckless or grossly negligent conduct, it could not be ruled as matter of law that this fact, irrespective of other facts, constitutes such conduct of either kind or *prima facie* evi-

dence of such conduct — meaning evidence which if not met or controlled requires a finding of such conduct. *Chandler* v. *Prince*, 217 Mass. 451, 455. Such speed alone does not necessarily bring the operator's conduct within the accepted definitions (see *Altman* v. *Aronson*, 231 Mass. 588, 591–592) of gross negligence or wilful, wanton or reckless conduct. In *Richards* v. *Donohue*, 285 Mass. 19, it was held that evidence of a speed of fifty to fifty-five miles an hour in connection with other evidence did not even warrant a finding of gross negligence. In *Adamian* v. *Messerlian*, 292 Mass. 275, a like decision was made where there was evidence of a speed of forty-five to fifty miles an hour. See also *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170. On the other hand, in *Connors* v. *Boland*, 282 Mass. 518, 522, where there was evidence of a speed of sixty miles an hour and other evidence tending to show the conditions under which the automobile was operated, it was said that "To drive a motor vehicle upon the public ways of this Commonwealth at a speed which would endanger the lives or safety of its occupants might be found to be gross negligence even in the absence of other unfavorable conditions." However, we need not decide whether a speed of between sixty and seventy miles an hour, irrespective of other facts, would warrant a finding of conduct which was grossly negligent or wilful, wanton or reckless. It is sufficient to say that a finding of such speed considered by itself would not as matter of law require the conclusion that the operator was guilty of such conduct of either description. Consequently, it was not error to refuse the plaintiffs' requests numbered 5 and 6 and so much of request numbered 9 as incorporates the facts set forth in those requests.

Nor was it error to refuse the plaintiffs' requests numbered 4, 7 and 8 and so much of their request numbered 9 as incorporates the facts set forth in these requests. In general these requests present the question whether the facts found by the auditor, being all the evidence which was before the judge, required a finding that the defendant was guilty either of gross negligence or of wilful, wanton or reckless conduct. In each case the findings of the auditor

"that the carelessness and negligence of the defendant was not sufficient to constitute gross negligence," and that his conduct "was not wilful, wanton or reckless" were evidence before the judge. Whether from the report as a whole, including both primary and -secondary facts found, the judge properly could have drawn inferences inconsistent with these findings of the auditor need not be decided. See *Bianco* v. *Ashley*, 284 Mass. 20, 25; *Brooks* v. *Davis*, 294 Mass. 236, 246. At any rate these findings of the auditor, unless necessarily inconsistent with other findings by him, warranted like findings by the judge. *Brooks* v. *Davis*, 294 Mass. 236, 238. And these findings of the auditor were not necessarily inconsistent with other findings by him. The principal fact found tending to show improper conduct of the defendant was the excessive speed at which he operated the automobile, particularly when approaching an entering road. There were also findings that he "drove on both the right and left side of the center of the road," that "there was a slight curve to the left," that the automobile "swayed from side to side at times," and that the defendant disregarded requests to drive slower. On the other hand it was found that the defendant's "view of the roadway in front was unobstructed and clear and there was no traffic or other automobiles either approaching from the opposite direction or travelling in the same direction" as the automobile operated by the defendant, and that the "entrance of another automobile into the highway in front of the defendant" was "sudden." And it was inferable from the findings that the defendant's attention was not diverted from his operation of the automobile. These facts and the other subsidiary facts found by the auditor did not require, even if they warranted, the conclusion that the defendant's conduct was grossly negligent, or wilful, wanton or reckless, contrary to the conclusions reached by the auditor on all the evidence before him. Compare *Richards* v. *Donohue*, 285 Mass. 19; *Adamian* v. *Messerlian*, 292 Mass. 275. In the cases relied on by the plaintiffs, not only was there evidence unfavorable to the defendant not present in these cases, but also the decisions

of this court went only to the extent of holding that the evidence warranted — not required — findings adverse to the defendant. See, for example, *Rog* v. *Eltis*, 269 Mass. 466; *Logan* v. *Reardon*, 274 Mass. 83; *Leonard* v. *Conquest,* 274 Mass. 347; *Bruce* v. *Johnson*, 277 Mass. 273; *Isaacson* v. *Boston, Worcester & New York Street Railway*, 278 Mass. 378; *Connors* v. *Boland*, 282 Mass. 518; *Channon* v. *Lynch*, 292 Mass. 316.

2. The plaintiffs' exceptions to the findings by the judge for the defendant cannot be sustained. See *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164. The plaintiffs do not contend that they can recover for ordinary negligence. Therefore, the general finding of the auditor for the defendant, applicable to both cases, was consistent with his findings adverse to the plaintiffs on the issues of gross negligence and wilful, wanton or reckless conduct, and, on the auditor's report as a whole, the judge was warranted in finding for the defendant in both cases. In view of this conclusion it is unnecessary to consider whether the plaintiffs were precluded from recovery on the independent ground that they were minor children of the defendant. The record does not disclose that the finding of the judge for the defendant, applicable to both cases, was made on this ground. And no specific exceptions of the plaintiffs raise this question.

*Exceptions overruled.*