## WILLIAM CONANT *v.* THOMAS COLLINS.

## ALICE R. CONANT *v.* SAME.

*Murchie, Murchie & Blandin (Mr. Alexander Murchie* orally), for the plaintiffs.

*Faulkner & Bell (Mr. Bell* orally), for the defendant.

PAGE, J. The cases were tried under the law of Massachusetts, and the question is whether the evidence warranted the finding that the defendant's gross negligence was the cause of the accident. *Lee* v. *Chamberlin,* 84 N. H. 182.

Taken most favorably for the plaintiffs, the evidence was sufficient to establish the facts about to be stated. The defendant was driving towards Gardner and attempted to follow a left-hand curve in the road. This curve, rather short, made a turn of practically ninety degrees. The surface was tarred and was banked slightly, if at all. At the time of the accident it was dry and without holes or other specially uneven spots. The day was bright, there was no traffic to avoid, and there was no conversation or anything else to distract the defendant's attention. The defendant was perfectly familiar

with the road and knew the presence and nature of the curve long before he reached it.

The defendant was eighty years of age and slightly lamed in one leg, but neither age nor physical condition affected his driving. If under some circumstances it may be gross negligence for a person to drive an automobile at the defendant's age or with his defect, there is no evidence to warrant the belief that either octogenarianism or lameness caused the car to leave the road.

The maximum speed that could be found was twenty-five to thirty miles an hour. This speed was not slackened, and the brakes were not applied. The width of the traveled part of the highway was twenty feet except at the peak of the curve, where it was about twenty-four.

It was argued to us that the defendant deliberately ran off the road. William Conant expressed an opinion to that effect, but upon cross-examination it appeared that his definition of deliberate was "careless." There was no other foundation for such a claim.

It is unquestioned that the defendant had good eyesight and that he was giving strict attention to his driving. That being so, the only faults that may be argued are that the speed was excessive, or that the defendant turned his wheel less promptly than circumstances demanded. It may be taken as fact that the defendant was negligent in the formation of an erroneous judgment in either or both respects, and that his judgment erred in that degree requisite to cause what ensued. We must reject, as the jury could, the possibility of some patch in the surfacing, or of some gravel washed onto the curve from an entering highway.

The defendant's negligence caused his car to leave the hard surface of the road. The point at which this happened is determined by the agreement of all the evidence. It was near a tree where the curvature of the road was all but complete and the road was straightening. From that tree to the tree that the car struck, the distance was forty-two feet. In that distance, traveling on rough ground, bumping and swaying about, the defendant was permitted only instinctive action. His negligence could relate only to the two factors already mentioned. Since his error in judgment, either as to speed or the moment for turning the steering-wheel, resulted in so late a deviation from the macadam, it must be found that there was no great departure from the ordinary prudence that would have completed the swing. It cannot be doubted that only a little less speed or a slightly earlier turn of the wheel would have kept the

car where it belonged. The question is whether the negligence of the defendant could be found to be gross.

There was danger at the curve, with which the defendant was thoroughly familiar. There was no special banking. The wall was only about three feet from the traveled part of the road. The trees were next to the wall and even nearer to the macadam. Under these circumstances, ordinary care was that degree of care sufficient to keep the car on the road. Lack of such care would probably result in a collision with wall or tree, or both. It is not true, as seems to be argued by the plaintiffs, that reckless disregard of consequences must be imputed to the defendant.

If the defendant had tried to round the curve at fifty miles an hour (at which rate only the utterly reckless would try to take it), one would not hesitate to say that he was grossly negligent. But there would be no possible ground for the epithet if the speed adopted had been hardly greater than one calculated to result in safe passage. That seems to be the situation here. The defendant was not unfit to drive. He was not inattentive. At the most, he exercised a judgment which, if only slightly more conservative, would have spelled safety for all.

The negligence of the defendant cannot be said to meet the requirements of gross negligence as defined in *Altman* v. *Aronson*, 231 Mass. 588. It was not substantially, materially or appreciably higher in magnitude than ordinary negligence. It was not of an aggravated character, as distinguished from ordinary care. It was not comparably very great negligence. It could not be said that even slight diligence was absent, or that scant care was wanting. There was no indifference to duty or utter forgetfulness of obligations to others. It was not heedless, for some heed was given. If there was less care than ordinary prudence required, it was not greatly less. It is not apparent that there was any difference in attention and action from those marking ordinary negligence. It could not be said that the defendant omitted even such diligence as habitually inattentive and careless men commonly employ.

The plaintiffs have not shown what act or omission of the defendant was characterized by want of care of an aggravated character. The defendant did not, as in *Manning* v. *Simpson*, 261 Mass. 494, choose an obviously greater danger when there was a safer way of escape, and thus lay himself open to the charge of "an utter disregard of the dictates of prudence amounting to complete neglect." He did not take his eyes from the road and cease for an appreciable

time to give attention to the steering of his car. *Kirby* v. *Keating*, 271 Mass. 390; *Dow* v. *Lipsitz*, 283 Mass. 132; *Picarello* v. *Rodakis*, 11 N. E. Rep. (2d.) 470. He did not deliberately turn around and cease to look where he was going. *Koufman* v. *Feinberg*, 10 N. E. Rep. (2d.) 91. He did not take one hand from the wheel and look at his guests. *Granger* v. *Lovely*, 19 N. E. Rep. (2d.) 798. He did not close his eyes and go to sleep. *Blood* v. *Adams*, 269 Mass. 480. He did not drive at sixty miles an hour, saying to his protesting passengers, "I am going to give you the fastest ride of your life." *Connors* v. *Boland*, 282 Mass. 518. He did not attempt, against protest, to pass a car on the curve at a speed much in excess of forty-five miles an hour, saying, "If I can't make it, I will take a wheel off." *Curtis* v. *Comerford*, 283 Mass. 589.

The burden of proof was upon the plaintiffs, and it is believed that guest-passengers may not charge a driver with gross negligence in leaving the road if they omit, as they have here, to show something more than a negligent failure of judgment in the manipulation of the car—show, for example, some special act or omission in the nature of inattention amounting to utter forgetfulness, or in the nature of taking a chance in utter disregard of prudence or complete neglect of the safety of the plaintiffs. *Richards* v. *Donohue*, 285 Mass. 19; *Burke* v. *Cook*, 246 Mass. 518; *Cook* v. *Cole*, 273 Mass. 557; *Stetson* v. *Howard*, 284 Mass. 208; *Lefebvre* v. *Howell*, 288 Mass. 253. The mere fact that the defendant left the road and hit a roadside object does not charge him with gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487.

The cases should have been withdrawn from the jury. Other questions raised by the exceptions require no consideration.

*Judgments for the defendant.*

All concurred.