Henchey, J.
In this action of tort the plaintiff seeks to recover damages for personal injuries received. The declaration contains two counts, one alleging ordinary negligence and one alleging gross negligence. The defendant made a general denial and an allegation of contributory negligence.
On the evening of May 20, 1939, the defendant, who owned a 1930 Tudor Chevrolet Coach, called at the plaintiff’s home and invited him to visit two girls who were sisters, and friends of both the plaintiff and defendant. Only the plaintiff’s girl friend was at home, and the defendant, plaintiff and girl friend went for a ride, had some refreshments for which the plaintiff paid, returned the young lady to her home and started back to their homes. As the plaintiff and defendant were going along the road, the right rear tire of the defendant’s car went flat. The defendant pulled over to the side of the road, stopped the car, and both the plaintiff and defendant got out of the car. The *161 defendant then requested the plaintiff to assist him in changing the tire and in putting on the spare tire which was on the rear of the ear. The defendant jacked up the car, being guided by his sense of feeling because the place was dark. The defendant thought the jack had taken a firm grip and he jacked the ear to a height which he deemed sufficient.
In the meantime the plaintiff removed the flat tire and proceeded to fit on the spare tire when he found out that the car was not jacked high enough. Whereupon he told the defendant, who said: “all right, fix it.” The plaintiff then got under the car to adjust the jack and while there, the defendant, with knowledge of these facts, opened the left door of the car and got into the front seat and attempted to put the flat tire into the back part of the car. While so doing, the car came off the jack, rolled back about a foot, injuring the plaintiff. The roadway at this place was level, the car was not in gear, and although the brake had been set, it was not set securely enough to prevent the car from rolling. While the plaintiff was under the car he noticed that the jack was not securely set. Before the defendant put the tire inside the car he asked the plaintiff how he was getting along and the plaintiff replied: “all right.”
The plaintiff and defendant were friendly and the plaintiff did not expect to be paid for services rendered in changing the tire.
At the proper time the plaintiff filed twenty-six requests for rulings, eighteen of which were denied “on facts found. ’ ’ The trial judge filed a lengthy decision in which, after stating the facts substantially as set out above, he found for the defendant, stating that while the defendant was negligent, he was not guilty of gross negligence, whereas the plaintiff was not guilty of contributory negligence, *162 but was a guest of the defendant, even while the tires were being changed.
The case comes here on the plaintiff’s complaint of the trial judge’s rulings and refusals to rule.
We find no error in the conclusions of the trial judge. He has found that the plaintiff was free of all negligence and that while the defendant was negligent, he was not guilty of gross negligence. These findings, since they are warranted by the evidence, will not be set aside, even though a contrary finding might also be made. Ruel vs. Langelier, Mass. Adv. Sh. (1938) 77; 12 N. E. (2nd) 735.
The sole question in dispute is whether or not the plaintiff was still the guest of the defendant at the time of his injury. It is the contention of the plaintiff that he ceased to be a guest when he rendered services which were for “the joint benefit of the plaintiff and defendant.” We believe the trial judge was warranted in finding that the plaintiff’s services were but an incident in the defendant’s gratuitous undertaking to transport the plaintiff. This being so, the relationship of guest and host continued. Where this relationship terminates, even though for a short time, as it did in Fone vs. Ellioan, Mass. Adv. Sh. (1937) 429, the defendant may be held responsible for conduct which amounts to ordinary negligence. But where the relationship of guest and host continues to exist, then the plaintiff cannot recover unless he establishes gross negligence on the defendant’s part. Richards vs. Donohue, 285 Mass. 19 ; Semons vs. Towne, 285 Mass. 96; Desroches vs. Holland, 285 Mass. 495; Byrne vs. Daley, 288 Mass. 51 ; Lefebvre vs. Howell, 288 Mass. 253. Further, the burden is on the plaintiff to show that he was not a mere guest where he seeks to recover for ordinary negligence. Roiko vs. Aijola, Mass. Adv. Sh. (1936) 173. The trial judge was warranted in finding that the plaintiff was a guest.
*163 We cannot agree with the plaintiff’s contention that the relationship of guest ceased when the plaintiff undertook to perform services which were for the joint benefit of the plaintiff and defendant. Certainly the elements of a joint enterprise, (equal right to direct and control the conduct of each other concerning the acts which contributed to the cause of the injury), were lacking. Caron vs. Lynn Sand and Stone Co., 270 Mass. 340.
The case is not too dissimilar from Ruel vs. Langelier, Mass. Adv. Sh. (1938) 77 and should be governed by the principles therein set down. The test there established was not that of the physical position of the plaintiff at the time of the injury, but rather whether or not the act which is claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant assumed. Certainly, in the instant case, stopping and changing a flat tire while on the return trip, does not compel a finding that the undertaking ceased to be gratuitous.
.Since this is so, the plaintiff is not entitled to recover for ordinary negligence on the defendant’s part. The plaintiff’s requests, being many in number, are not treated individually. From what has been said, it is clear that the Court was not in error in denying those requests of which the plaintiff now complains.
Report dismissed.