**KRUEGER et al. v. TAYLOR.**

Civ. A. No. 3353.

District Court of the United States for the District of Columbia.

March 5, 1941.

. Earl H. Davis and Lester Wood, both of Washington, D. C., for plaintiffs.

Frost, Myers & Towers, of Washington, D. C., for defendant.

ADKINS, Justice.

The question in this case is whether defendant's negligence was gross or ordinary.

The accident occurred in Virginia, on Sunday February 13, 1938. Defendant owned and drove a new Ford car in which plaintiffs and a Mrs. Taylor were riding when the car struck a tree causing the injuries to plaintiffs. Defendant was the adopted son of Mrs. Taylor. Plaintiffs are husband and wife; the female plaintiff was the niece of Mrs. Taylor, at whose home all the litigants lived.

Defendant, an inexperienced driver, bought the car in January, and obtained his driver's license about ten days before the accident. Mrs. Taylor desired to visit a sister of Mrs. Krueger who lived in Urbana. Defendant invited plaintiffs to accompany Mrs. Taylor and himself on the trip.

The day was bright and clear. The party started about 8 o'clock a. m. and the accident occurred three to four hours later about ten miles before reaching Urbana. Shortly before the accident Mr. Krueger offered to take the wheel but defendant preferred to complete the trip himself.

Of the eyewitnesses only the testimony of Mr. Krueger and defendant was important so far as the accident was concerned.

The accident occurred at a gradual left curve (about 22°). There was a slight upgrade just before the curve; the road was 15 feet wide, with macadam surface; there was a dirt shoulder but no ditch. The road, shoulder and grass surrounding the tree were on the same level. The tree with which defendant collided was 6 feet .3 inches from the right edge of the road and was

visible for 200 feet. The tree struck the car between the front right wheel and fender, and the front axle was bent. The speed of the car—25 to 30 miles an hour—was not excessive. There was no other traffic.

Mr. Krueger, who occupied the rear seat, testified that about 3 to 5 seconds before the accident he saw the car gradually leaving the road and called to defendant not to hit the tree.

Defendant testified that he was feeling tired; that he was driving in the middle of the road; and as he approached the curve desired to get on the right-hand side of the road and turned the wheel to the edge of the road; that he then saw the tree but could not remember what happened between that time and the collision; he estimated the tree to be 15 feet away when he turned to the edge of the road.

Defendant moved for a directed verdict on the ground that the evidence failed to show gross negligence. This motion being overruled, the jury found in favor of each plaintiff.

Defendant has now moved to set aside the verdict and to enter judgment for defendant, or, in the alternative, for a new trial.

Counsel agreed that under the Virginia law plaintiffs could not recover unless gross negligence was shown.

Counsel also agreed to the definition of gross negligence given by Rugg, C. J., in Altman v. Aronson, 231 Mass. 588, 591, 121 N.E. 505, 4 A.L.R. 1185, and approved in Thomas v. Snow, 162 Va. 654, 174 S.E. 837, and in Wright v. Osborne, 175 Va. 442, 9 S.E.2d 452. Accordingly the jury was charged as follows—

"Negligence, without qualification, and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

"Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a needless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. * * * It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure. * * *

"Stated in somewhat different terms, gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another."

In Lennon v. Smith, 173 Va. 322, 327, 2 S.E.2d 340, 343, it is said, "A mere failure to skillfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest".

In Carroll v. Miller, 175 Va. 388, 9 S.E. 2d 322, 326, the Court said, "to be gross it [negligence] should shock fair-minded men".

1. The evidence clearly shows ordinary negligence, but in my judgment reasonable men could not find that such negligence was gross.

The following cases support this conclusion: Boggs v. Plybon, 157 Va. 30, 160 S.E. 77; Young v. Dyer, 161 Va. 434, 170

S.E. 737; Carroll v. Miller, 175 Va. 388, 9 S.E.2d 322; Shriear v. Feigelson, 248 Mass. 433, 143 N.E. 307; Bank v. Satran, 266 Mass. 253, 165 N.E. 117; Cook v. Cole, 273 Mass. 557, 174 N.E. 271; Lefebvre v. Howell, 288 Mass. 253, 192. N.E. 491; Richards v. Donohue, 285 Mass. 19, 188 N.E. 389; Loughran v. Nolan, Mass., 29 N. E.2d 737; Rauch v. Stecklein, 142 Or. 286, 20 P.2d 387.

Most of the accidents involved in these cases occurred at curves, and in several of them the facts were strikingly similar to those in the present case. In all it was held that the negligence was not gross.

Plaintiffs rely upon the following cases in which it was held that the evidence either showed gross negligence or raised a question for the jury: Yonker v. Williams, 169 Va. 294, 192 S.E. 753; Watson v. Coles, 170 Va. 141, 195 S.E. 506; Thornhill v. Thornhill, 172 Va. 553, 2 S.E.2d 318; Wright v. Osborne, 175 Va. 442, 9 S.E.2d 452; Peak v. Fripp, 195 S.C. 324, 11 S.E.2d 383.

A brief statement of the facts most favorable to plaintiffs in those cases shows the distinction between the two degrees of negligence.

In Yonker v. Williams, on a dark foggy, misty night a truck which had run out of gas had been parked on the extreme right side of a three-lane road; it had rained and the roads were wet; the rear lights on the truck were visible for half a mile; other cars traveling at a slower speed had passed safely; defendant's admissions made before the trial were that he was going 40 to 45 miles an hour, was having trouble with his windshield becoming clouded and did not see the truck until it was too late.

In Watson v. Coles defendant was driving at night on a rough narrow road, with many curves, and went off the road at one of the curves; his speed was estimated at from 50 to 70 miles an hour, and he admitted gross negligence.

In Thornhill v. Thornhill, the road was wet and slippery; the driver had been cautioned by plaintiff not to drive so fast; without reducing speed he passed a caution sign indicating the curve and approached the curve at 55 miles an hour, his speed being so great he could not negotiate the curve; he applied his brake and skidded, striking a truck on the other side of the road.

In Wright v. Osborne defendant while traveling 45 miles an hour attempted to pass three cars on an S curve, his vision of on-coming cars being obstructed; without reducing his speed he struck a car and went through a fence; his conduct was held to violate two sections of the statute, including the section prohibiting reckless driving.

In Peak v. Fripp there was circumstantial evidence that the car was being driven at high speed in the nighttime around a curve and down grade.

Defendant's motion to set aside the verdict and judgment for plaintiffs and to enter judgment for him is granted.

2. In view of the recent decision in Montgomery Ward & Co. v. Luther M. Duncan, 61 S.Ct. 189, 85 L.Ed. ——, I now express my views on the motion for a new trial. Should the United States Court of Appeals reverse my ruling on the first motion it must be on the ground that there was evidence tending to show gross negligence and that the question was one for the jury. In that event I would overrule the alternative motion for a new trial on the ground that the question had become one for the jury.