**Irene DARNELL, Appellant,**

v.

**Inez HAMILTON, Appellee.**

Court of Appeals of Kentucky.

June 8, 1962.

Charles E. Lowe, Pikeville, for appellant.

Edward R. Hays, Baird & Hays, Pikeville, for appellee.

STANLEY, Commissioner.

This action by the appellant, Irene Darnell, against the appellee, Inez Hamilton, for damages for personal injury sustained in an automobile accident occurring in Virginia was tried under Virginia law. The trial court directed a verdict for the defendant at the close of the plaintiff's evidence.

Mrs. Darnell, her mother and brother-in-law were guests in the car of her sister, Mrs. Hamilton, traveling eastwardly on U. S. Highway No. 460. As they neared Grundy, Virginia, on a long stretch of straight road, Mrs. Hamilton, after blowing her horn, was in the act of passing a small truck ahead of her when it speeded up and shortened the space between it and a large truck heavily loaded. As no traffic was approaching and the way was clear, Mrs. Hamilton again sounded her horn and started to pass the large truck. As she was doing so, without having given any signal of an intention to turn, the truck turned toward the left into her traffic lane and caught the bumper of her automobile. She lost control, and the car went over an embankment, and Mrs. Darnell was injured. At that point the Looney Creek Road led off from the highway (a "T" intersection), and the truck was apparently turning into it. There were no signs indicating an intersection ahead, and the defendant did not know of it. The plaintiff, her mother and the defendant (called as on cross-examination) agreed on the above essential facts.

Section 8–646.1 of the Code of Virginia precludes a nonpaying guest in an automobile from recovering damages against his host for injury resulting in its operation unless the injury "was caused by or resulted from the gross negligence or willful and wanton disregard of the safety of the person * * * being so transported on the part of such owner or operator."

The appellant argues that the question of whether the defendant was grossly negligent in attempting to pass the truck at a road intersection should have been submitted to the jury. The Virginia Supreme Court holds, as do we, that ordinarily the question of negligence, whether it be gross or ordinary, is one for a jury to determine. It has defined gross negligence in an automobile accident case as "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. There is no sharp, well-defined, dividing line between simple negligence and gross negligence. The distinction is one of degree." Wright v. Osborne, 175 Va. 442, 9 S.E.2d 452.

We are cited to no Virginia case holding that circumstances like those proven here without contradiction warranted the

submission of the question of gross negligence to a jury. We concur in the trial court's ruling that as a matter of law the plaintiff failed to prove such negligence.

Judgment is affirmed.