Rescripts.

Joseph L. Poresky *vs.* The First National Bank of Boston & others. November 9, 1953. Decrees affirmed. The object of this bill seems to be to relieve the plaintiff from the conservatorship of Old Colony Trust Company placed over him by decree of the Probate Court in 1923. His remedy to accomplish this purpose is by application to the Probate Court under G. L. (Ter. Ed.) c. 201, § 18, as amended by St. 1934, c. 204, § 2, and not by means of this plenary suit in this court. Various allegations of the bill as to relations between the trust company and The First National Bank of Boston and as to acts of the officers of the trust company, in so far as they may be designed to indicate that the present conservator should not continue as such, and if there is any substance in them, which we do not imply, would be proper for consideration by the Probate Court. G. L. (Ter. Ed.) c. 201, § 33, as amended by St. 1950, c. 420. If they are designed to set up causes of action independent of the discharge or removal of the conservator, they fail to disclose any cause of action in the plaintiff, and if they did, they would render the bill multifarious. It is unnecessary to catalogue all of the other difficulties with this bill. The demurrers were rightly sustained. The judge properly denied the plaintiff's motion to "bar the appearance" of certain counsel for one of the defendants.

*Joseph L. Poresky*, pro se.
*Endicott Smith*, for the defendant Old Colony Trust Company.
*Vincent F. Leahy*, for the defendant The First National Bank of Boston.
*George Fingold*, Attorney General, & *Harris A. Reynolds*, Assistant Attorney General, for the Secretary of the Commonwealth, submitted a brief.


Adeline Cote *vs.* Edmond Cote. December 2, 1953. Exceptions overruled. The plaintiff is the mother of the defendant. On July 5, 1948, he was operating an automobile in which the plaintiff was riding as a guest. While the automobile was travelling at a speed not exceeding fifteen miles an hour and was crossing an intersection of streets it was struck by a fire truck and the plaintiff was injured. The plaintiff excepted to the entry of a verdict for the defendant under leave reserved. To recover, the plaintiff had to prove that the defendant was grossly negligent. *Dinardi* v. *Herook*, 328 Mass. 572. *Rosario* v. *Vasconcellos, ante*, 170. Even if there was evidence that the defendant was negligent, we find no evidence that he was grossly negligent.

The case was submitted on briefs.
*William A. Torphy*, for the plaintiff.
*William J. Fenton & Joseph W. Pollard*, for the defendant.