THOMAS J. COLSTON *vs.* HELEN M. NEARY.  March 3, 1972.  This is a bill in equity brought to secure a reconveyance of a certain parcel of land together with a building thereon which plaintiff alleges was, contrary to his intention, conveyed by him to the defendant and her sister. The judge found that "[a]t the time that the . . . [plaintiff] executed the deed he knew the nature and consequence of the instrument and, in any event, the . . . [defendant] did not know and had no reason to know otherwise."  The plaintiff appeals from a final decree dismissing the bill.  The findings of the judge were not "plainly wrong."  *Selig* v. *Wexler*, 355 Mass. 671, 672.  The judge was not required to believe the plaintiff's testimony.  Likewise there was no error in allowing the attorney who represented the plaintiff in the conveyance of the property to represent the defendant in the present litigation.  Full disclosure was made at the outset of the trial and the plaintiff made no objection.

*Decree affirmed with costs of appeal.*

*Albert F. Cioffi*, for the plaintiff, submitted a brief.

PETER LEVOWICH *vs.* JULIAN LANE & others.  March 3, 1972.  This bill seeks to establish certain wrongdoing in connection with the estate of one Hyman N. Levowich.  The trial judge entered interlocutory decrees sustaining the defendants' demurrers and a final decree dismissing the bill from which decrees the plaintiff appealed.  The bill is clearly multifarious, alleging largely unrelated claims against various defendants.  The bill alleges, inter alia, fraud and breach of an employment agreement by the decedent, improper valuation and sale of estate assets, and conflict of interest.  If there is any substance to the vague and confusing allegations, they are too diverse to deal with in a single proceeding.  See *Poresky* v. *First Natl. Bank*, 330 Mass. 709. Moreover, the bill and the plaintiff's brief on appeal are almost incomprehensible.

*Interlocutory decrees affirmed.*
*Final decree affirmed with double
costs of appeal.*

The case was submitted on briefs.

*Charles W. Lavers* for the plaintiff.

*Thomas B. Arnold & Sidney Heimberg* for Harry P. Levowich & others.

*Albert M. Fortier, Jr.*, for Richard S. Bowers, administrator.