Fay PERLICK, Appellant,

v.

Milton R. VICK, defendant and third-party plaintiff, and Harry Wiener, defendant, Appellees.

No. 7433.

United States Court of Appeals Fourth Circuit.

Argued June 4, 1957.

Decided July 8, 1957.

---

Louis B. Fine, Norfolk, Va. (Howard I. Legum, Norfolk, Va., Irving Chapnick and Samuel Gewirtiz, New York City, on brief), for appellant.

E. L. Ryan, Jr., and W. C. Pender, Norfolk, Va. (White, Ryan & Reynolds, Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOPER, Circuit Judge.

The principal question in this case is whether Harry Wiener, the owner of a car being driven from New Jersey to Florida by Harold Perlick to serve the purposes of both of them, is liable to an occupant of the car for personal injuries suffered en route which may have been caused by Perlick's negligent operation of the vehicle.

Wiener and Perlick had been business associates. Upon the termination of the association, Wiener planned to go from New Jersey to Florida by air and disclosed this fact in a conversation to Perlick, who thereupon made it known that he also desired to go to Florida with Mrs. Fay Perlick, his mother. Wiener, desiring to have his car in Florida for his personal use, then suggested that he would pay Perlick's return passage by air from Florida to New York if Perlick would drive the car to Florida. Perlick accepted the proposal and with Wiener's consent took his mother along. Perlick was to pay for the gas and oil used on the trip to Florida and was to receive no other payment for his services other than the provision for his return passage. Wiener gave Perlick no instructions as to route of travel, speed, places to stay and so forth. The only arrange-

ment was that Perlick was to leave on the morning of January 2, 1955, and arrive at Hollywood, Florida, the night of January 4, 1955. As the accident occurred on January 3, 1955, Perlick did not turn over the car to Wiener until January 5. It was slightly damaged in the accident and Wiener paid for the repairs.

On the way to Florida the accident, resulting in painful injuries to Mrs. Perlick, happened on Main Street in the city of Emporia, Virginia, at 10:45 on the morning of January 3, when the car was involved in a near collision with an automobile owned and operated by Milton R. Vick of that city. Subsequently Mrs. Perlick instituted the pending suit against Wiener and Vick, claiming that the accident was caused by the gross negligence of the agent of Wiener in the operation of Wiener's car and by the negligence of Vick in projecting his vehicle into the pathway of the car in which the plaintiff was a passenger.

Wiener defended on the ground that Perlick was not his servant, agent or employee and that, in any event, Perlick was not guilty of gross negligence in the operation of the car, relying for this defense upon the Virginia statute which provides that a guest in an automobile may not recover damages from the owner of the vehicle unless the driver was guilty of gross and culpable negligence. See Virginia Code, § 8–646.1.

Vick defended on the ground that the accident was caused solely by the negligence of Perlick. He also filed a third-party complaint against Perlick since the plaintiff had not joined her son as party defendant.

There was sharp conflict in the evidence presented at the trial as to how the accident occurred. Main Street in Emporia is a macadam two-lane road running north and south. The evidence showed that the Perlick car was proceeding southerly while Vick was approaching in the opposite direction on his right-hand side of the road, intending to cross over to a service station to his left on the west side of the highway. The speed limit at this point was 25 miles per hour.

Evidence on the part of Vick tended to show that the Perlick car was traveling at a speed of 65 to 75 miles per hour; that Vick gave a light signal for a left turn when the Perlick car was about 300 yards away, and that Vick then stopped his car in the northbound lane; and that Perlick applied the brakes to his car when it was about 50 or 60 feet north of the Vick car and skidded 189 feet, going off the paved highway on the west side and colliding with a guy wire at the south end of the service station.

Perlick's evidence tended to show that he was going from 40 to 45 miles per hour at the time of the accident and that Vick made a sudden left turn into the southbound lane and stopped when Perlick's car was 90 feet north, and that Perlick then swerved to the right in order to avoid a collision and that he did not see the turn signal given by Vick. Upon this evidence the jury found in favor of both Wiener and Vick. No verdict was rendered as to Perlick since, in accordance with the judge's instructions, the case against him became moot when the jury concluded that Vick was not responsible for the accident.

The issue as to Vick's negligence was fairly submitted to the jury and no exceptions were taken by the plaintiff to the judge's charge in this respect. Since the jury found a verdict in Vick's favor, the judgment as to him is affirmed.

As to Wiener's liability for Perlick's actions, the Judge was of the opinion that a mixed question of law and fact was presented, and he therefore left it to the jury to determine whether Perlick was acting as agent for Wiener in driving the car to Florida. He instructed the jury in this connection that one who employs another to achieve a certain result is not responsible for the other's negligence in executing the work, unless he has the right to control the physical actions of the other in the performance of the work, and he left it to the jury to determine whether Wiener had this sort of control over Perlick's actions while he was driving the car to Florida.

The Judge also instructed the jury, in accordance with the Virginia decisions, that even if they should find that Perlick was acting as Wiener's agent at the time of the accident, still Wiener would not be responsible in damages to the plaintiff, unless they should further find that the accident was caused not by ordinary negligence on Perlick's part, but by gross negligence showing an utter disregard of prudence, amounting to complete neglect of the safety of his passenger. Upon these instructions the jury found a general verdict in favor of Wiener; and hence we do not know whether their decision was based on a finding that Perlick was not acting as Wiener's agent or on a finding that he was not guilty of gross negligence in the operation of the car at the time of the accident. Accordingly, it is necessary to pass on the principal contention of the plaintiff that the Judge erred in leaving the question of agency to the jury and in not giving them a binding instruction that Perlick was Wiener's agent, and thereby limiting them to a determination of the question whether the accident was caused by gross negligence on Perlick's part.

The solution of this question must be found in the Virginia law as applied by its courts. In essence, the question is whether, under the undisputed facts, Perlick while driving the car south was acting as an agent for whose actions Wiener was responsible or as an independent contractor for whose actions Wiener had no liability.

■■ The decisions of the Virginia courts are in harmony with the general rule that the measure of control retained by the person for whom the work is being done determines whether the relationship between persons associated in an undertaking is that of master and servant or principal and agent on the one hand, or that of principal and independent contractor on the other; and the existence of the right to control rather than the actual exercise of control is the decisive factor. In Epperson v. De Jarnette, 164 Va. 482, 486, 180 S.E. 412, an independent contractor is defined as one who undertakes to produce a given result without being controlled as to the method by which he obtains that result. Thus in Hann v. Times Dispatch Pub. Co., 166 Va. 102, 184 S.E. 183, it was held that a newsboy serving a regular route was not an independent contractor entitled to damages for injury caused by negligence in the operation of an automobile of the publishing company, but an employee limited to recovery under the provisions of the workmen's compensation statute of the state; while in Griffith v. Electrolux Corp., 176 Va. 378, 387, 11 S.E.2d 644, it was held that a manufacturer was not liable for injuries caused by the negligent operation of an automobile owned and driven by a salesman selling on commission, and approval was given to the statement made in § 250 of the Restatement of the Law of Agency, *Comment* (a), that a principal employing another to achieve a result but not controlling or having the right to control the details of his physical movements is not responsible for incidental negligence while such person is conducting the authorized transaction. See also Restatement of Agency, § 220; Gulf Refining Co. v. Brown, 4 Cir., 93 F.2d 870, 873, 116 A.L.R. 449; Texas Co. v. Zeigler, 177 Va. 557, 567, 14 S.E.2d 704. It is also settled in Virginia that if there is no conflict in the evidence as to the nature of the relationship, the determination of the question becomes a matter of law to be determined by the judge. Griffith v. Electrolux Corp., 176 Va. 378, 382, 11 S.E.2d 644.

■ In the pending case no reversible error was committed in submitting the question to the jury. It is true that there was no dispute as to the facts concerning the transportation of the car to Florida; but the arrangement related to a single incident rather than a course of conduct, and there is some room for difference of opinion as to the inferences to be drawn from the facts in respect to the right of control over the operation of the car which Wiener retained when he turned it over to Perlick. In our view

the more reasonable inference is that Wiener had confidence in the judgment of his former business associate and did not intend to retain control of the physical operation of the car, especially as it is not disputed that the cost of the transportation was to be borne by Perlick, and no instructions were given him as to the route of travel, the speed of the vehicle, or the places to stop en route. Wiener himself testified that he regarded Perlick as a competent person and therefore gave him no instructions. However this may be, the plaintiff suffered no harm when the question was left to the jury with instructions on the question of control, which were in harmony with the Virginia decisions to which we have referred.

Affirmed.