Bertha BLUM, Appellant,

v.

George A. COTTRELL, Appellee.

No. 7995.

United States Court of Appeals Fourth Circuit.

Argued Jan. 19, 1960.

Decided March 17, 1960.

---

Paul Whitehead and J. Frank Shepherd, Lynchburg, Va. (Hymen Siegendorf, Passaic, N. J., on the brief), for appellant.

Jack E. Greer, Norfolk, Va. (Williams, Cocke, Worrell & Kelly, Norfolk, Va., on the brief), for appellee.

Before SOPER and BOREMAN, Circuit Judges, and BARKSDALE, District Judge.

SOPER, Circuit Judge.

This suit grows out of a collision between two automobiles on the morning of June 21, 1956, near Natural Bridge, Virginia, in which the plaintiff, Bertha Blum, was seriously and painfully in-

jured. She was riding at the time in a car driven by her husband, William B. Blum, and the accident happened when he attempted to pass a trailer truck forty-five feet long going north on the road ahead of him and in so doing collided on the west side of the road with a car going south driven by George A. Cottrell. At the conclusion of the evidence at the trial of the case the judge instructed the jury that Blum was guilty of negligence as a matter of law in attempting to pass the trailer truck but that the plaintiff was nevertheless entitled to recover if the jury should find that the defendant was also negligent. The jury found a verdict for the defendant and the principal question on this appeal is whether the instruction in regard to Blum's conduct was incorrect and prejudicial to the plaintiff.

The road was a two lane highway twenty-two feet wide with a shoulder ten feet wide on the east side and a shoulder seven feet wide on the west side. In the center of the road for a considerable distance each way from the point of collision there was a broken white line indicating that passing under proper circumstances was not forbidden. At the time of the collision the road was wet since it had recently rained and it was still drizzling. After the accident freshly made skid marks, obviously caused by the Blum car, were found in the southwest lane of the road running for a distance of 143 feet from the south to the point of collision, which was just off the asphalt pavement on the west shoulder. The Cottrell car came to rest on the shoulder of the road twelve feet from the west side of the pavement. From the point of collision, looking north, the road was visible for 819 feet, where it curved to the west; and looking south there was a clear view of the road for 954 feet. There was, however, a long curve in the road in this area and the road was not entirely visible for the full total of 1,773 feet looking south from the curve in the road above mentioned.

Mr. Blum's account of the catastrophe was to the following effect. For some miles his car had been following the tractor trailer and an intervening yellow car going north at the rate of thirty to thirty-five miles per hour, and then the yellow car crossed the center line and passed the tractor trailer and returned to the northbound lane. Mr. Blum, who had also been looking for an opportunity to pass, then turned his car left sufficiently to enable him to see the yellow car as it passed the tractor trailer, whereupon he turned his car into the southbound lane and increased his speed ten to fifteen miles per hour so as to pass. When he had proceeded 100 feet and was midway of the tractor trailer he caught sight of the Cottrell car rounding the curve in the road, 800 to 900 feet to the north, approaching at a speed of sixty-five to seventy miles per hour. He applied his brakes immediately and reduced his speed but the Cottrell car came on without apparent reduction of speed and seemed to go out of control, first leaving the paved portion of the road onto the wet shoulder and then returning to the pavement. Mr. Blum then tried to get his car off the pavement and onto the wet shoulder but was unable to avoid the collision and his car was hit on its right side by the left front of the Cottrell car. At that moment the Blum car had almost come to a stop.

J. Leslie McDaniel, a resident of the neighborhood, testified on behalf of the plaintiff to the following effect. He was going south in his car on the road at a speed of fifty to fifty-five miles per hour toward the scene of the accident. A short time before it occurred and when he was eight-tenths of a mile from the point of collision, going up a steep grade, the Cottrell car passed him at a speed which exceeded his speed by fifteen or twenty miles per hour. He followed the Cottrell car to the top of the hill then around the curve down the hill toward the scene of the collision and saw the accident happen about 600 feet below the summit.

The account of the accident given by the defendant Cottrell, which was strongly supported by James Miller, the driver

of the tractor trailer, differed greatly from the testimony of Blum as the following summary shows. According to Miller, three automobiles were following him as his vehicle labored up a long grade in second gear from the south at a speed of fifteen miles per hour toward the scene of the collision. Behind him there came first a greenish car, then a brown one, and, last, the blue car of Blum. When Miller reached the top of the grade he could see a stretch of road for 800 or 900 feet northerly to the curve. At that time the first of the three cars passed him and he increased the speed of his own vehicle to thirty-five miles per hour. The brown car, second in line, then came alongside the trailer in order to pass and at that moment Miller noticed the Cottrell car coming around the curve toward him at a speed of fifty miles per hour. The Cottrell car slowed down and went partly onto the wet shoulder of the road to make room for the passing of the brown car and it was able to get back safely into the northbound lane when the distance between the two cars was something less than two hundred feet. Very shortly thereafter Miller saw in his mirror the Blum car collide with the Cottrell car alongside the trailer truck, a few feet from its rear end.

Cottrell's testimony was in accord with this recital. As he was driving south at the rate of about fifty miles per hour he approached the foot of a long incline or hill leading to the curve in the road north of the point of collision. Ahead of him on his side of the road was an automobile, which was no doubt McDaniel's car, and a trailer truck. Cottrell increased the speed of his car and passed both vehicles. He then reached the top of the grade, rounded the curve, and slowed down to fifty miles per hour. At that moment he saw a car approaching from the south, which was crossing the center line of the road ahead of the Miller truck, about 400 feet distant from him. He next observed a second car passing the trailer truck and therefore slowed down and drove his car partially off the pavement to the west shoulder to permit the second

car to pass in safety. Then being quite close to the front of the trailer truck he drove back upon the pavement and for the first time saw the Blum car about 50 to 100 feet away, in the southbound lane, so he again drove to the shoulder of the road and the collision occurred.

Upon this evidence the judge charged the jurors as to their duties, explaining that they must accept and follow his instructions on questions of law but that they were the sole judges of the facts and that nothing he might say should be taken as an expression of opinion on his part as to the facts. With this introduction he told the jurors that he had ruled as a matter of law that Blum was guilty of negligence which proximately contributed to the accident and that they must accept this ruling. However, he went on to say that there were two points for the jurors to consider: (1) whether there was negligence on Cottrell's part which was the proximate cause of the injury and (2) the damages for the injuries to the plaintiff, which no one disputed.

Having made it plain that the crucial question for the jury's consideration was whether Cottrell was guilty of negligence contributing to the accident, he gave instructions to the following effect: The case should be decided under the laws of Virginia, which provide in effect that a person shall not drive his vehicle to the left of the center of the roadway in passing and overtaking another vehicle proceeding in the same direction unless such left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit the passing to be made in safety in the exercise of ordinary care on the part of the person attempting to pass. Bearing this rule in mind, the evidence showed that William Blum was negligent in the manner in which he operated his car and this negligence was a proximate cause of the accident; but Blum's negligence should not be imputed to his wife, notwithstanding their relationship as husband and wife, and did not affect her right to recover against Cottrell if the jurors believed that both

Blum and Cottrell were guilty of negligence which contributed to the result. The jury should not weigh the negligence of Blum against the negligence of Cottrell but should find a verdict against the latter if he was guilty of any negligence that was a proximate cause of the accident even though they should find that the negligence of Blum was greater than the negligence of Cottrell. It was the duty of Cottrell to keep an effective lookout and to make every reasonable effort to avoid the collision; and if he by the exercise of reasonable care could have seen that the approaching car was in a position of danger, it was his duty to use every reasonable effort to avoid it and if he failed to do so he was liable for the consequences. Reasonable care on Cottrell's part included the duty to drive his car under proper control and not to drive it at a speed or in a manner to endanger the life and limb of another person, including the plaintiff, but to drive it at a reasonable speed under the traffic conditions existing at the time, and under no circumstances to exceed fifty-five miles per hour, and to keep and maintain a reasonable lookout at all times pertinent to the occasion.

█ The instruction given to the jury as to the duty resting upon the driver of an automobile who crosses the center line of the road in order to pass a preceding vehicle was clearly correct. Section 46–228 of the Virginia Code [1] provides as follows:

"The driver of a vehicle shall not drive to the left of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety and such overtaking vehicle shall give way to an oncoming vehicle."

██ It was also correct to give the instruction that Cottrell was liable for the injuries to the plaintiff if the col-

lision happened in part through the negligent operation of his car. See Yellow Cab Co. v. Eden, 178 Va. 325, 16 S.E.2d 625; Simmons v. Craig, 199 Va. 338, 99 S.E.2d 641; Wright v. Osborn, 175 Va. 442, 9 S.E.2d 452; Steele v. Crocker, 191 Va. 873, 62 S.E.2d 850. It is, however, strongly urged that it was error on the part of the judge to give a binding instruction to the jury as to the negligence of Blum in view of the testimony on the plaintiff's behalf that the west side of the road was clear for a distance of 800 to 900 feet when he attempted to pass the trailer truck and that Cottrell came down the incline at an excessive rate of speed with his car apparently out of control. The decision of this question is not without difficulty in view of the plaintiff's testimony on the one side and on the other the danger always inherent in crossing the center of a two-lane road in order to pass a rapidly moving vehicle within a distance of less than 900 feet in an area where the lawful speed of a car is fifty-five miles per hour and the closing of the space between vehicles approaching in opposite directions is or may be a matter of a few seconds at the most.

█ The defendant was entitled to a ruling on the question of the negligence of Blum since Blum was in complete charge of the vehicle in which the plaintiff was riding, but we are inclined to the view that the question was one for the jury and not for the judge. We are of the opinion, however, that the ruling was not so prejudicial to the plaintiff as to require a reversal of the judgment. Every error of the trial court does not require this result. Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C., which is intended for the guidance of the district court and is given effect also by the courts of appeals, provides that no error in any ruling is a ground for disturbing a judgment unless refusal to take such action appears to the court inconsistent with substantial justice; and the courts of appeals are directed by 28 U. S.C. § 2111 to give judgment without re-

[1]. Now § 46.1–212.

gard to harmless errors which do not affect the substantial rights of the parties. In the pending case the instructions of the judge as to Cottrell's liabilities under the circumstances were emphatic and clear. The jury were specifically told that Blum's negligence was no bar to recovery of damages by his wife and that any negligence on the part of Cottrell, even though less than that of Blum, made Cottrell liable to respond in damages for the injuries of the plaintiff and, in addition, the ultimate liability of Cottrell to avail himself of a last clear chance to avoid the accident after he saw, or should have seen, the dangerous situation was made unmistakably plain to the jury. Under these circumstances it is manifest that the decision of the jury in the defendant's favor, in a case in which grievous injuries to the plaintiff were admitted, must have been based on the finding that the accident was not due to any negligence whatsoever on the part of Cottrell. See Perlick v. Vick, 4 Cir., 246 F. 2d 144; Capital Transit Co. v. Simpson, 98 U.S.App.D.C. 298, 235 F.2d 525, certiorari denied 352 U.S. 882, 77 S.Ct. 103, 1 L.Ed.2d 81.

We are also asked to hold that it was error on the part of the judge to admit in evidence a photograph of the road at the site of the collision which was taken two years after the collision occurred. In the interval the broken line in the center of the road had been changed to two solid lines, indicating that a vehicle proceeding north must not cross to the west side of the road; and the growth of trees and shrubbery along the highway had reduced the visibility. The photograph was offered to show a longer view of the road than was given by the photographs offered by the plaintiff. When the judge directed that the defendant's photograph be introduced in evidence, he cautioned the jury that the picture had been taken in October 1958, more than two years after the accident in June 1956, and that, in the meantime, the foliage had grown and the lines in the road had been changed so that the picture did not represent precisely the condition existing on the

earlier date. In view of this admonition by the judge, we think that the plaintiff was not prejudiced by the introduction of the photograph and that the adverse ruling on admissibility did not constitute a ground for reversal of the judgment.

Affirmed.